IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN EDWARD MITCHELL,

        Plaintiff,                                         No. 2:09-cv-3012 KJN P

    vs.

GOV. ARNOLD SCHWARZENEGGER, et al.,

        Defendants.                                 ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account

and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Therefore, the court may dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff filed his complaint on October 28, 2009. However, on December 18, 2009, plaintiff filed a 72 page supplemental complaint and a separate 44 page supplemental complaint. (Docket Nos. 8 & 9.) On January 19, 2010, plaintiff filed a motion for leave to file a supplemental complaint. (Docket No. 10.) On January 25, 2010, plaintiff filed a motion for leave to file an amended complaint. (Docket No. 11.)

The Federal Rules of Civil Procedure provide that a party may amend his or her pleading "once as a matter of course at any time before a responsive pleading is served." Fed. R. Civ. P. 15(a). However, an amended or supplemental complaint supersedes the original

complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. Id.; see also E.D. Local Rule 15-220. Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam), plaintiff will be required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.

Plaintiff is advised that he must provide one amended complaint that contains all of his claims and allegations raised against the named defendants. Piecemeal pleadings are not allowed. Accordingly, the court will disregard plaintiff's December 18, 2009 supplemental complaints. Plaintiff's motion for leave to file an amended supplemental complaint will be denied. Plaintiff's motion for leave to file an amended complaint will be granted.

Plaintiff is cautioned that the exhaustion of administrative remedies is required before he may file a civil rights action in federal court.

> "Section 1997e(a) of Title 42 of the United States Code provides: No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.
>
> This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002). Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. at 1200. Defendants have the burden of proving that plaintiff failed to exhaust available administrative remedies. See Wyatt, 315 F.3d at 1120.

> California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to

the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

4

§ 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

    3. Plaintiff's January 19, 2009 motion for leave to file an amended supplemental complaint is denied.

    4. Plaintiff's January 25, 2010 motion for leave to file an amended complaint is granted.

    5. Plaintiff's October 28, 2009 complaint is dismissed.

    6. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; including the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint". Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

DATED: February 16, 2010

    /s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mitc3012.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN EDWARD MITCHELL, | | |
| Plaintiff, | No. 2:09-cv-3012 KJN (PC) | |
| vs. | | |
| GOV. ARNOLD SCHWARZENEGGER, et al., | NOTICE OF AMENDMENT | |
| Defendants. | | |
| _____/ | | |

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____ Amended Complaint

DATED:

                                                  _____
                                                  Plaintiff