IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN EDWARD MITCHELL,

    Plaintiff,                                No. 2:09-cv-3012 KJN

    vs.

GOV. ARNOLD SCHWARZENEGGER, et al.,

    Defendant.                            ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with a civil rights action brought pursuant to 42 U.S.C. § 1983. On November 12, 2009, plaintiff consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c).

        On June 18, 2010, plaintiff filed a request to submit a supplemental complaint under Fed. R. Civ. P. 15(d). Plaintiff has submitted a proposed supplemental complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.

1

28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Plaintiff states that he exhausted the instant claims by Director's Level Reviews that were denied on May 11, 2010 (wrongful confinement), April 5, 2010 (medical deliberate indifference), and May 6, 2010 (same). (Dkt. No. 23 at 2.)

However, the Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding the conditions of their confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. Porter, 534 U.S. at 532.

The instant action was filed October 28, 2009. Thus, plaintiff did not exhaust his remedies as to these three grievances prior to the filing of this action. Because plaintiff failed to exhaust his administrative remedies prior to the filing of this action, his request to supplement the complaint herein will be denied.

Moreover, review of the supplemental complaint reveals plaintiff has named defendants located in Corcoran and San Luis Obispo and challenges medical care received at San Luis Obispo, and alleges illegal confinement in the security housing unit at Corcoran.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).

In this case, none of the newly-named defendants reside in this district.  The claims arose in San Luis Obispo County, which is in the Northern District of California, and Kings County, which is in the Fresno Division of the Eastern District of California.  Therefore, in the event plaintiff decides to pursue these claims, he should file a complaint in the Northern District of California concerning claims that occurred in San Luis Obispo, and he should file a complaint in the Fresno Division of the Eastern District concerning claims that occurred at Corcoran.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's June 18, 2010 request to submit supplemental complaint is denied.

2. The supplemental complaint, docketed as "Second Amended Complaint," is disregarded.  (Dkt. No. 23.)

DATED: June 24, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mitc3012.supp