IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOHN EDWARD MITCHELL, | | |
| | Plaintiff, | No. 2:09-cv-3012 KJN P |
| | vs. | |
| M.S. DOWNING, et al., | | <u>ORDER AND</u> |
| | Defendants. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| _____/ | | |

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's November 12, 2010 motion for preliminary injunctive relief.  Plaintiff alleges prison officials at California State Prison - Corcoran ("CSP-Corcoran") have, among other things, destroyed his property, retaliated against him for filing prison grievances, refused to provide him a religious diet, and housed him in a cell with an inmate who also has a lower bunk chrono.

      "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting <u>Winter v. Natural Res. Def. Council, Inc.</u>, 129 S.Ct. 365, 374 (2008).

1    A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale
2  approach or "serious questions" test survives "when applied as part of the four-element Winter
3  test." Alliance for Wild Rockies v. Cottrell, 2010 WL 3665149, at * 5 (9th Cir. Sept. 22, 2010)
4  "In other words, 'serious questions going to the merits,' and a hardship balance that tips sharply
5  toward the plaintiff can support issuance of an injunction, assuming the other two elements of the
6  Winter test are also met." Id.  In cases brought by prisoners involving conditions of confinement,
7  any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct
8  the harm the court finds requires preliminary relief, and be the least intrusive means necessary to
9  correct the harm." 18 U.S.C. § 3626(a)(2).

10    Initially, the principal purpose of preliminary injunctive relief is to preserve the
11  court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan
12  Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010).  As noted
13  above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant
14  the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his
15  claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982)
16  (internal citation omitted).  Implicit in this required showing is that the relief awarded is only
17  temporary and there will be a full hearing on the merits of the claims raised in the injunction
18  when the action is brought to trial.

19    The instant complaint raises allegations concerning incidents that took place at
20  California State Prison - Solano in 2008 and 2009 while plaintiff was housed there.  On April 28,
21  2009, plaintiff was transferred to California Men's Colony in San Luis Obispo, California.  (Dkt.
22  No. 19 at 7.)  Plaintiff filed the instant motion on November 12, 2010, alleging ongoing incidents
23  at CSP-Corcoran, where plaintiff is presently housed, and also incidents unrelated to the

allegations raised herein.[1]  (Dkt. No. 26.)  Because plaintiff is no longer subject to actions by the named defendants, his motion for injunctive relief is moot.  These claims do not implicate this court's jurisdiction in a way that might justify application of the All Writs Act to reach officials at California State Prison in Corcoran who are not named in the underlying litigation.[2]  <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395 U.S. 100 (1969).  For this reason, plaintiff's motion for preliminary injunction should be denied.

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that plaintiff's November 12, 2010 motion for preliminary injunction (Dkt No. 26) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written

////
////
////
////
////

---

[1] If plaintiff wishes to pursue civil rights claims concerning conditions of confinement at CSP-Corcoran, he should file a civil rights complaint in the Fresno Division of the Eastern District Court of California.

[2] Admittedly, the fact that injunctive relief is sought from one not a party to litigation does not automatically preclude the court from acting.  The All Writs Act, 28 U.S.C. § 1651(a) permits the court to issue writs "necessary or appropriate in aid of their jurisdictions and agreeable to the usages and principles of law."  The All Writs Act is meant to aid the court in the exercise and preservation of its jurisdiction.  <u>Plum Creek Lumber Company v. Hutton</u>, 608 F.2d 1283, 1289 (9th Cir. 1979).  The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons or entities not a party to the underlying litigation.  <u>United States v. New York Telephone Co.</u>, 434 U.S. 159, 174 (1977).  Nevertheless, the undersigned does not conclude that injunctive relief is appropriate in this case.

objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 3, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mitc3012.pi

4