IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN EDWARD MITCHELL,

    Plaintiff,                               No. 2:09-cv-3012 JAM KJN P

    vs.

GOV. A. SCHWARZENEGGER, et al.,

    Defendants.                          <u>ORDER</u>

                                     /

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On October 17, 2011, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty-one days. Plaintiff has filed objections to the findings and recommendations.[1]

---

[1] Plaintiff concedes that verbal harassment or threats do not state a cognizable civil rights claim, but contends the allegations were included to further demonstrate the efforts of defendants McGuire, Cappel and Singh to retaliate against plaintiff and coerce him to drop his prior staff complaint. (Dkt. No. 46 at 2.) The magistrate judge recommended that plaintiff's retaliation claim alleged in claim three of the complaint be dismissed with leave to amend. (Dkt. No. 45 at

1

1         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule
2 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire
3 file, the court finds the findings and recommendations to contain a small error that is corrected in
4 this order.  Where the findings and recommendations suggest that "Defendants' motion to
5 dismiss Plaintiff's sixth claim should be denied without prejudice" on page 9, the Court finds
6 that Defendants' motion should be granted according to the reasoning on page 11.  The
7 remainder of the findings and recommendations are supported by the record and by proper
8 analysis.
9         Accordingly, IT IS HEREBY ORDERED that:
10         1.  The findings and recommendations filed October 17, 2011, are adopted in full
11 with the change explained above, which is accordingly reflected in this order;
12         2.  Defendants' March 24, 2011 motion to dismiss (dkt. no. 38) is granted in part
13 and denied in part, as follows:
14         a.  Defendants Durfey, Schwarzenegger and Cate are dismissed based on
15 plaintiff's failure to exhaust administrative remedies;
16         b.  Plaintiff's state law claims contained in claim five are dismissed as
17 untimely-filed;
18         c.  Plaintiff's verbal harassment claims against defendants Singh, Cappel,
19 McGuire and Fowler are dismissed;
20         d.  Plaintiff's due process claims against defendants Singh, Cappel,
21 Bickham and Scavetta, in claims three and seven, are dismissed;
22         e.  Plaintiff's claims against defendants Bickham and Scavetta based on

---

20-21.)  Thus, plaintiff may pursue his retaliation claim exhausted by grievance 08-03432.  If plaintiff can allege defendants McGuire, Cappel and Singh retaliated against plaintiff, by applying the Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) standards provided to plaintiff in the October 17, 2011 findings and recommendations (at page 18), plaintiff may include his claims against those defendants, and defendant Fowler, in his second amended complaint.

their role in the inmate grievance process, contained in claim seven, are dismissed;

3. Plaintiff's state law claims contained in claim six are dismissed for failure to state a claim;

4. Plaintiff's Eighth Amendment claim against defendants Haviland and Singh in claim four is dismissed;

5. In all other respects Plaintiff's amended complaint is dismissed with leave to amend the complaint in accordance with the findings and recommendations; and

6. Within thirty days after service of this order, plaintiff shall file a second amended complaint; should plaintiff fail to timely file such second amended complaint, this action shall proceed solely on claims one and two of the amended complaint (Dkt. No. 19).

DATED:  January 30, 2012

/s/ John A. Mendez
UNITED STATES DISTRICT JUDGE