IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN EDWARD MITCHELL,

    Plaintiff,                      No. 2:09-cv-3012 JAM KJN P

    vs.

GOV. A. SCHWARZENEGGER, et al.,

    Defendants.              <u>ORDER</u>

                                   /

On February 15, 2012, plaintiff filed a motion for extension of time to file and serve an amended complaint.[1] However, on February 23, 2012, plaintiff timely filed a second

---

[1] In his motion, plaintiff referenced a request for a stay of the proceedings. Plaintiff states he may be unable to timely exhaust remedies as to defendants Durfey, Schwarzenegger, and Cate. (Dkt. No. 49 at 1.) However, plaintiff's claims against defendants Durfey, Schwarzenegger and Cate were dismissed without prejudice based on plaintiff's failure to exhaust administrative remedies <u>prior</u> to bringing the instant action. (Dkt. No. 45 at 2-6.) As plaintiff was previously informed, he must exhaust administrative remedies <u>prior</u> to filing a case in federal court. Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002). Thus, plaintiff cannot amend the instant complaint to include claims against defendants Durfey, Schwarzenegger and Cate even after plaintiff exhausts administrative remedies; plaintiff must bring those newly-exhausted claims in a new action. Although these defendants were dismissed without prejudice, plaintiff must bring any claims against defendants Durfey, Schwarzenegger and Cate in a new civil rights action which is filed <u>after</u> administrative remedies were exhausted. Therefore, to the extent plaintiff's sought a stay of these proceedings to allow him to amend to re-allege his claims as to defendants Durfey, Schwarzenegger and Cate, the motion is denied without prejudice.

amended complaint. Therefore, plaintiff's request for extension of time is moot and is denied.

On February 23, 2012, plaintiff filed a second motion for appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). "A motion for appointment of counsel under 28 U.S.C. § 1915 is addressed to the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984) (citation omitted).

> A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d).

Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations and internal punctuation omitted); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances"); accord Alvarez v. Jacquez, 415 Fed. Appx. 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 Fed. Appx. 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 2011 WL 5854097, *1 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1)").

Plaintiff states he contacted at least eight different lawyers, including Marc Grossman of Upland, California, but only received responses from attorney Charles Carbone, and the law firm of Rosen, Bien and Galvan, both declining representation. Despite attorney

1  Grossman's failure to respond to plaintiff's inquiry, plaintiff now seeks the appointment of Marc
2  Grossman to represent plaintiff.
3        In the present case, plaintiff has articulated his claims and complied with all court
4  orders. Plaintiff recently filed his second amended complaint, and defendants have not yet filed
5  an answer. Based on the procedural posture of this case, the court is unable to determine whether
6  plaintiff is likely to succeed on the merits. Thus, appointment of counsel is premature.
7  Moreover, attorney Grossman's law firm is located in Southern California. Without some
8  indication that attorney Grossman handles federal civil rights litigation and is interested in
9  accepting appointment in this federal action, plaintiff's motion to appointment Marc Grossman is
10 denied.[2]
11       Accordingly, IT IS HEREBY ORDERED that:
12       1. Plaintiff's February 15, 2012 motion for extension of time (dkt. no. 49) is
13 denied without prejudice; and
14       2. Plaintiff's February 23, 2012 motion for appointment of counsel (dkt. no. 50)
15 is denied without prejudice.
16 DATED: February 24, 2012

                         _____
                         KENDALL J. NEWMAN
                         UNITED STATES MAGISTRATE JUDGE

mitc3012.36

---

[2] Moreover, Mr. Grossman's law firm website does not reflect that his firm handles civil rights litigation, and Sacramento is not included in the locations the law firm serves. Law Office of Marc E. Grossman, Upland, California, http://www.wefight4you.com/lawyer/upland.aspx (accessed January 24, 2012).