1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN EDWARD MITCHELL,

11            Plaintiff,                    No.  2:09-cv-3012 JAM KJN P

12        vs.

13   GOV. A. SCHWARZENEGGER, et al.,

14            Defendants.              ORDER

15   _____/

16            On February 15, 2012, plaintiff filed a motion for extension of time to file and

17   serve an amended complaint.[1]  However, on February 23, 2012, plaintiff timely filed a second

18   _____

19        [1] In his motion, plaintiff referenced a request for a stay of the proceedings.  Plaintiff
     states he may be unable to timely exhaust remedies as to defendants Durfey, Schwarzenegger,
20   and Cate.  (Dkt. No. 49 at 1.)  However, plaintiff's claims against defendants Durfey,
     Schwarzenegger and Cate were dismissed without prejudice based on plaintiff's failure to
21   exhaust administrative remedies prior to bringing the instant action.  (Dkt. No. 45 at 2-6.)  As
     plaintiff was previously informed, he must exhaust administrative remedies prior to filing a case
22   in federal court.  Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  Porter v.
     Nussle, 534 U.S. 516, 524 (2002).  Thus, plaintiff cannot amend the instant complaint to include
23   claims against defendants Durfey, Schwarzenegger and Cate even after plaintiff exhausts
     administrative remedies; plaintiff must bring those newly-exhausted claims in a new action.
24   Although these defendants were dismissed without prejudice, plaintiff must bring any claims
     against defendants Durfey, Schwarzenegger and Cate in a new civil rights action which is filed
25   after administrative remedies were exhausted.  Therefore, to the extent plaintiff's sought a stay of
     these proceedings to allow him to amend to re-allege his claims as to defendants Durfey,
26   Schwarzenegger and Cate, the motion is denied without prejudice.

                                        1

1  amended complaint.  Therefore, plaintiff's request for extension of time is moot and is denied.

2              On February 23, 2012, plaintiff filed a second motion for appointment of counsel.

3  The United States Supreme Court has ruled that district courts lack authority to require counsel

4  to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S.

5  296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary

6  assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017

7  (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  "A motion for

8  appointment of counsel under 28 U.S.C. § 1915 is addressed to the sound discretion of the trial

9  court and is granted only in exceptional circumstances."  Franklin v. Murphy, 745 F.2d 1221,

10  1236 (9th Cir. 1984) (citation omitted).

> A finding of exceptional circumstances requires an evaluation of
> both the likelihood of success on the merits and the ability of the
> petitioner to articulate his claims pro se in light of the complexity
> of the legal issues involved.  Neither of these factors is dispositive
> and both must be viewed together before reaching a decision on
> request of counsel under section 1915(d).

15  Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations and internal punctuation

16  omitted); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse

17  discretion in declining to appoint counsel).  The burden of demonstrating exceptional

18  circumstances is on the plaintiff.  See Palmer, 560 F.3d at 970 (plaintiff "has not made the

19  requisite showing of exceptional circumstances"); accord Alvarez v. Jacquez, 415 Fed. Appx.

20  830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v.

21  Hambly, 14 Fed. Appx. 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 2011 WL

22  5854097, *1 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to

23  appoint counsel under 28 U.S.C. § 1915(e)(1)").

24              Plaintiff states he contacted at least eight different lawyers, including Marc

25  Grossman of Upland, California, but only received responses from attorney Charles Carbone, and

26  the law firm of Rosen, Bien and Galvan, both declining representation.  Despite attorney

1  Grossman's failure to respond to plaintiff's inquiry, plaintiff now seeks the appointment of Marc

2  Grossman to represent plaintiff.

3            In the present case, plaintiff has articulated his claims and complied with all court

4  orders.  Plaintiff recently filed his second amended complaint, and defendants have not yet filed

5  an answer.  Based on the procedural posture of this case, the court is unable to determine whether

6  plaintiff is likely to succeed on the merits.  Thus, appointment of counsel is premature.

7  Moreover, attorney Grossman's law firm is located in Southern California.  Without some

8  indication that attorney Grossman handles federal civil rights litigation and is interested in

9  accepting appointment in this federal action, plaintiff's motion to appointment Marc Grossman is

10 denied.[2]

11           Accordingly, IT IS HEREBY ORDERED that:

12           1.  Plaintiff's February 15, 2012 motion for extension of time (dkt. no. 49) is

13 denied without prejudice; and

14           2.  Plaintiff's February 23, 2012 motion for appointment of counsel (dkt. no. 50)

15 is denied without prejudice.

16 DATED:  February 24, 2012

17

18                                        _____
                                          KENDALL J. NEWMAN
19                                        UNITED STATES MAGISTRATE JUDGE

20 mitc3012.36

21

22

23

24 _____

25    [2]  Moreover, Mr. Grossman's law firm website does not reflect that his firm handles civil
   rights litigation, and Sacramento is not included in the locations the law firm serves.  Law Office
26 of Marc E. Grossman, Upland, California, http://www.wefight4you.com/lawyer/upland.aspx
   (accessed January 24, 2012).