IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN EDWARD MITCHELL,

    Plaintiff,                    No. 2:09-cv-3012 JAM KJN P

   vs.

J. HAVILAND, et al.,              <u>ORDER AND</u>

    Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

I. <u>Introduction</u>

      Plaintiff is a state prisoner, proceeding without counsel. This civil rights action is proceeding on plaintiff's claims that, while he was housed at California State Prison-Solano ("CSP-SOL"), defendant Rosario used excessive force on plaintiff on August 5, 2008, and that defendants Rosario, Garcia, and McGuire retaliated against plaintiff in early 2009. Plaintiff has filed two supplements to his complaint, a motion for temporary restraining order based on the supplemental complaint, a motion to dispense with the requirements of security, and a motion for appointment of counsel. Defendants filed a motion to strike plaintiff's supplemental complaint. The court will address these motions seriatim, but finds that defendants' motion to strike is granted, that plaintiff's motion for a temporary restraining order should be denied, and that plaintiff's remaining motions are denied.

1

## II. Motion to Strike Supplemental Complaint

Plaintiff is presently housed at the California Substance Abuse Treatment Facility in Corcoran ("SATF"). On February 19, 2013, plaintiff filed a supplemental complaint seeking injunctive relief based on incidents that occurred at SATF in 2012, and at California State Prison, Corcoran ("CSP-COR") in 2010.[1] Both of these prisons are located within the jurisdiction of the Fresno Division of this court. Plaintiff claims "an ongoing, illegal practice by the defendants" (dkt. No. 61 at 1); however, none of the defendants listed in plaintiff's supplemental complaint are defendants Rosario, Garcia, or McGuire, and none of the allegations pertain to incidents that occurred at CSP-SOL.

In his statement of claim, plaintiff includes allegations pled in the instant action, but also includes allegations that are contained in an unidentified district court in case No. 12-2048 ABC (SH), in the Ninth Circuit Court of Appeals in 12-56316 (dkt. no. 61 at 3), and in the Fresno Division of this court in 1:11-cv-1205 JLT (religious diet claims arising at CSP-COR) (dkt. no. 61 at 8).

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Id.

Plaintiff has not been granted leave to file a supplemental pleading in this 2009 case. Plaintiff has previously filed an amended complaint, and is therefore not allowed to amend the complaint as of right. Fed. R. Civ. P. 15(a)(1). Plaintiff's prior efforts to file supplemental

---

[1] Plaintiff filed another copy of the supplemental complaint on April 25, 2013. (Dkt. No. 69.)

2

pleadings were denied, and plaintiff was informed that he must proceed with one complaint in which all claims are pled. (Dkt. No. 15.) Moreover, unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees -- for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied). As set forth above, there is no commonality between the allegations of the proposed supplemental complaint and the operative complaint herein. Thus, defendants' motion to strike plaintiff's supplemental complaint is granted, and plaintiff's supplemental complaints (dkt. nos. 61 and 69) are stricken. Because plaintiff interspersed unrelated claims within his supplemental complaint, the court will not order that the supplemental complaint be transferred to the Fresno Division. Rather, plaintiff must file separate complaints pertaining to incidents that occurred at CSP-COR and SATF, because the allegations do not pertain to the same transaction or share commonality.

For all of the above reasons, defendants' motion to strike is granted, and plaintiff's supplemental complaints are stricken.

III.  Motion for Temporary Restraining Order

Plaintiff seeks a temporary restraining order against J. Beard, Director of the California Department of Corrections and Rehabilitation; Warden R. Diaz, SATF; J.D. Lozano, Chief of Appeals; C.M. Heck, and Lt. R.K. Williams. Plaintiff asks for a court order enjoining defendants from "entering plaintiff's assigned cell and removing any personal property . . . unless it is determined that it is stolen or poses a safety concern for staff or inmates," "refusing any religious special purchase items approved; restraining plaintiff based on unsubstantiated confidential information that has not been tested for 'reliability' before restraining and/or confining plaintiff in administrative segregation;" and keeping certain confidential information

out of plaintiff's central file. (Dkt. No. 68 at 1-2.)

"The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S. Ct. 365, 374 (2008).

A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale approach or "serious questions" test survives "when applied as part of the four-element Winter test." Alliance for Wild Rockies v. Cottrell, 2011 WL 208360, at *7 (9th Cir. Jan. 25, 2011). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." Id. In cases brought by prisoners involving conditions of confinement, any preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). As noted above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v.

Hazeltine Research, Inc., 395 U.S. 100 (1969).

The claims on which plaintiff's motion is predicated are not included in the operative complaint on which this action is proceeding, as set forth above, and does not raise allegations against the defendants remaining in this action. For that reason, the claims will not be given a hearing on the merits at trial. Thus, the court cannot grant plaintiff injunctive relief. The undersigned recommends that plaintiff's motion for temporary restraining order be denied. In light of this recommendation, plaintiff's motion to dispense with security is denied without prejudice.

IV. Motion for Appointment of Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

### V. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike (dkt. no. 65) is granted;

2. Plaintiff's supplemental complaints (dkt. nos. 61, 69) are stricken;

3. Plaintiff's motion to dispense with the requirement of security (dkt. no. 70) is denied without prejudice; and

4. Plaintiff's motion for appointment of counsel (dkt. no. 71) is denied.

IT IS RECOMMENDED that plaintiff's motion for temporary restraining order (dkt. no. 68) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 29, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mitc3012.tro