IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN EDWARD MITCHELL,

      Plaintiff,                    No. 2:09-cv-3012 JAM KJN P

     vs.

J. HAVILAND, et al.,

      Defendants.              ORDER

_____/

      Plaintiff is a state prisoner proceeding without counsel. Pursuant to the court's scheduling order, discovery closes on August 16, 2013. (ECF No. 73.) On June 7, 2013, plaintiff filed a request for deposition subpoenas. Plaintiff states that he wishes to submit depositions by written questions to non-party witnesses, but that the prison law library is out of operation because it is being relocated.

      Under Rule 31 of the Federal Rules of Civil Procedure, a party may depose any person by written questions. However, where the deponent is incarcerated, the party must obtain the court's permission to conduct the deposition. Fed. R. Civ. P. 31(a)(2)(B). Further, unless the parties stipulate otherwise, the party noticing the deposition is required to provide the questions to an "officer," as that term is defined in Rule 28(a) of the Federal Rules of Civil Procedure, who will take the deponent's responses to the questions, certify them, and send them to the noticing party.

1

Fed. R. Civ. P. 31(b), 30(b)(5).  Thus, if plaintiff seeks to depose incarcerated witnesses, plaintiff must file a motion to depose the witness by written questions, and if defendants do not stipulate otherwise, plaintiff must demonstrate that he has made arrangements for an officer, as defined in Rule 28(a), to process the questions as set forth above.

Moreover, because plaintiff seeks to depose non-parties, any depositions by written questions must be accompanied by a subpoena, pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Orr v. Valdez, 2011 WL 5239223 (D. Idaho Nov. 1, 2011).  Although the United States Marshal will serve the subpoena without charge, plaintiff must tender witness fees and mileage when the subpoena is served, as required by Rule 45(b)(1) of the Federal Rules of Civil Procedure, for each deponent.[1]

Because plaintiff has not established that he followed the procedures set forth above, his request for subpoena forms is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 7, 2013 motion (ECF No. 74) is denied without prejudice.

DATED: June 14, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mitc3012.dwq

---

[1] Plaintiff is proceeding in forma pauperis.  28 U.S.C. § 1915.  "The in forma pauperis statute does not permit a waiver of the witness fees to be tendered with the subpoena. . . . Although the plain language of section 1915 provides for service of process for an indigent's witnesses, it does not waive payment of fees or expenses for those witnesses."  Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989) (citations omitted).  Thus, plaintiff is financially responsible for procuring an officer to transcribe the witnesses' testimony, for notice and delivery of the questions, for filing of the deposition, see Fed. R. Civ. P. 31, and for the payment of witness fees and mileage for each deponent, see Fed. R. Civ. P. 45(b)(1).  Witness fees are $40.00 per day per witness.  28 U.S.C. § 1821(b).