UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>    Plaintiff,<br><br>    v.<br><br>J. HAVILAND, et al.,<br><br>    Defendants. | No. 2:09-cv-3012 JAM KJN P<br><br><br>ORDER AND REVISED SCHEDULING ORDER |

Plaintiff is a state prisoner proceeding without counsel. This action is proceeding on plaintiff's excessive force claims against defendant Rosario, and plaintiff's retaliation claims against defendants Rosario, Garcia, and McGuire. Several motions are pending, which the court addresses below.

1. Request to Extend Discovery Deadline

On June 21, 2013, plaintiff filed a request to extend discovery by ninety days. Defendants oppose the request, and plaintiff filed a reply. For these reasons set forth below, the court partially grants plaintiff's request.

Plaintiff claims he was unable to timely submit discovery requests because he was litigating two other lawsuits, the prison in which he is housed has been on a series of modified lockdowns that prevented him from conducting pertinent legal research, and he was awaiting responses to the request for production of documents in order to prepare follow-up discovery requests, including

1

more tailored interrogatories, which he has now completed, but has been unable to obtain photocopies for service.  Defendants contend that plaintiff's request should be denied because plaintiff did not exercise due diligence, and failed to show good cause for the modification. Defendants note that plaintiff failed to identify any information he could not have obtained or requested prior to the discovery deadline, and argue that plaintiff could have begun his legal research and discovery requests shortly after the filing of this lawsuit in October of 2009, and could have minimized his need for discovery requests had he availed himself of the records personally available to him, i.e. plaintiff's central file and medical records.  Finally, defendants argue that no additional discovery of documents is required because defendants provided documents in support of each asserted defense and will supplement their responses as appropriate.

In reply, plaintiff claims he has been diligent in seeking discovery; he timely filed a request for production of documents, and submitted interrogatories to defendants which he subsequently withdrew pending receipt of the document production so that he could propound more tailored interrogatories.  Plaintiff argues that he did not receive defendants' documents until after the last day to serve discovery requests had passed, and that the documents revealed two witnesses who did not submit reports concerning their observations of the escort at issue.

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

On May 6, 2013, the court issued the discovery and scheduling order that provided that discovery requests must be served not later than sixty days prior to the August 16, 2013 discovery deadline. (ECF No. 73 at 6.)  Plaintiff submitted his request for production of documents shortly after the court issued the discovery order, and plaintiff has been attempting to depose witnesses by written questions.  At present, three, timely-filed, motions to compel discovery are pending.

The court finds that plaintiff has been somewhat diligent in pursuing discovery; however, plaintiff has not shown good cause for an additional ninety days in which to obtain discovery. Rather, the court finds that plaintiff should be allowed to propound interrogatories to defendants. Plaintiff is cautioned, however, that Rule 33 of the Federal Rules of Civil Procedure provides that he may serve no more than 25 written interrogatories on each defendant, and that the 25 number includes all discrete subparts. Put another way, plaintiff cannot exceed the 25 interrogatory limit by including sub-parts or sub-categories under a particular question. For example, in plaintiff's request for production no. 12, plaintiff included ten sub-categories, A - J, which would count as ten separate questions if such an interrogatory were propounded. Plaintiff is further cautioned that he must obtain copies of documents available to him through his central and medical files; the prison has procedures in place to enable plaintiff to personally access these records.

Because defendants are under a continuing obligation to supplement their responses to the requests for production of documents, and any further obligation to provide documents will be addressed when plaintiff's motion to compel production of documents is resolved, no further document discovery is permitted.

However, discovery will be reopened for a period of sixty days to allow plaintiff to forthwith propound his interrogatories, and to propound any further discovery he contemplates with regard to the newly-identified potential witnesses Valdez and Neason. In all other respects, discovery is closed absent further order of court. Plaintiff is cautioned that the court is not inclined to grant any further extensions of the discovery deadline.

2. <u>Request for Deposition by Videoconference</u>

On June 28, 2013, defendants file a request to conduct plaintiff's deposition by video-conference. Defendants' request is granted, subject to the court reporter being present with plaintiff at the prison for the deposition.

3. <u>Request for Appointment of Counsel</u>

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney

to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

4.  Scheduling Order

In light of the extension of the discovery deadline, the deadline to file pretrial motions, except motions to compel discovery, is extended from November 8, 2013, to January 8, 2014.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a ninety day extension of the discovery deadline (ECF No. 79) is partially granted; the August 16, 2013 discovery deadline is extended to October 16, 2013, for the limited purpose of allowing plaintiff to propound interrogatories to defendants, as set forth above, and conducting follow-up discovery as to potential witnesses Valdez and Neason.

2. Plaintiff shall forthwith serve the interrogatories on defendants; defendants shall respond to the interrogatories within thirty days from the date defense counsel receives the interrogatories.

3. Defendants' request to conduct plaintiff's deposition by videoconference (ECF No. 80) is granted.

4. Plaintiff's motion for appointment of counsel (ECF No. 83) is denied without prejudice.

5. The November 8, 2013 pretrial motions deadline is extended to January 8, 2014.

Dated: August 7, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mitc3012.16b