UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>    Plaintiff,<br><br>  v.<br><br>J. HAVILAND, et al.,<br><br>    Defendants. | No. 2:09-cv-3012 JAM KJN P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel. This action is proceeding on plaintiff's excessive force claims against defendant Rosario, and plaintiff's retaliation claims against defendants Rosario, Garcia, and McGuire. Several motions are pending, which the court addresses below.

Motion to Maintain Video

Plaintiff filed a motion for order requiring defendants to maintain institution video recordings of the incidents at issue. In his complaint, plaintiff requested that the yard videotape of the day in question be held as evidence. (ECF No. 1 at 5.) Plaintiff contends that the video "should" exist because the incidents at issue here occurred in the middle of the California State Prison, Solano ("CSP-Solano") yard where the camera directly points. (ECF No. 86 at 2.) Plaintiff contends that he requested the video be produced on May 14, 2013, but that defendants contend it does not exist. Plaintiff concedes that the Senior Hearing Officer D. Hurley told plaintiff that Hurley looked at the video, but that the camera was pointed in a different direction;

however, plaintiff contends Hurley "never let the plaintiff see for himself if that was true." (ECF No. 86 at 3.)

Defendants provide the declaration of S. Cervantes, Litigation Coordinator at CSP-Solano, who confirmed that the yard camera at issue swivels, and that videotape recordings are not automatically saved, but are on a continuous recording loop that automatically records over prior footage after about 24 hours. (ECF No. 92 at 7.) When major incidents such as prison yard riots occur, the video recording will be saved. Minor incidents, such as routine random searches, are not routinely saved. When an incident is caught on video, the relevant time period is cut and downloaded from the tape to a DVD, which is then given to the Investigative Services Unit, and stored with the appropriate incident report. (ECF No. 92 at 7.) Similarly, if an inmate interview is recorded, the footage is burned to a DVD and stored with the related incident report. (Id.)

In addition, S. Cervantes declared that she searched for video footage from the yard on August 5, 2008, and November 3, 2008, the dates at issue here, and found no such video footage.

Defendants cannot be ordered to maintain video recordings that do not exist. Accordingly, plaintiff's motion to maintain institution video recordings is denied.

Motion to Compel - Request for Production of Documents

Plaintiff seeks further responses to his request for production of documents, numbers 4, 5, 7, 10, 12, 13 and 14. After setting forth the appropriate standards, the court will address each request below.

The scope of discovery under Rule 26(b)(1) of the Federal Rules of Civil Procedure is broad. Discovery may be obtained as to any unprivileged matter "relevant to the claim or defense of any party. . . ." Id. Discovery may be sought of relevant information not admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. The court, however, may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from another source that is more convenient, less burdensome, or less expensive; or if the party who seeks discovery has had ample opportunity to obtain the information by discovery; or if the proposed discovery is overly burdensome. Fed. R. Civ. P. 26(b)(2)(i)(ii) and (iii).

////

2

Rule 34 of the Federal Rules of Civil Procedure governs requests for production, and "extends to all relevant documents, tangible things and entry upon designated land or other property." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472-473 (1998), citing 8A C. Wright & A. Miller, Federal Practice and Procedure § 2206, at 381.  Rule 34 requires that the party upon whom a request is served "be in possession, custody, or control of the requested item." Id., at 473 (citation omitted).

> Request for Production No. 4:  The name and, if known, occupation, position of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identify the subjects of the information.
>
> Response to Request for Production No. 4:  Defendants object to this request on the basis that it is unintelligible, requests attorney work-product and documents that are protected by the attorney-client privilege, and that "the name and occupation of individuals likely to have discoverable information" is not a request for documents.  Based on these objections, defendants will not further respond to this request.

(ECF No. 95-1 at 4.)

Plaintiff contends that Rule 26 of the Federal Rules of Civil Procedure requires a party to provide the name, address and telephone number of each individual likely to have discoverable information. (ECF No. 87 at 6.)  Defendants argue that plaintiff's request is not a proper request for production of documents and plaintiff's motion to compel a further response should be denied.

Defendants' objections are sustained.  No further response is required.

> Request for Production No. 5:  A copy of, or description by category and location of, all documents, data compilations, and tangible things in the possession, custody or control of the defendants that are relevant to disputed facts alleged with particularity in the pleadings.
>
> Response to Request for Production No. 5:  Defendants object to this request on the basis that it is overly broad and burdensome, is not reasonably calculated to lead to the discovery of admissible evidence, requests attorney work-product and documents that are protected by the attorney-client privilege, and that it calls for information which is equally available to plaintiff.  Without waiving these objections, defendants respond as follows:  Documents responsive to plaintiff's request are contained in plaintiff's medical records and prison file, which are available for inspection and copying by plaintiff pursuant to institutional policies

3

> and procedures; additional non-confidential documents within defendants' possession, custody, or control that are responsive to plaintiff's request are attached as Exhibits A, C, and D.

(ECF No. 95-1 at 4.)

In his motion, plaintiff contends that defendants' response is vague. Plaintiff states that defendants provided copies of a series of sections in the California Code of Regulations, title 15, but failed to identify which sections are pertinent to plaintiff's request.

Defendants oppose plaintiff's motion, arguing that plaintiff's request is not a true request for production of documents, but rather asks defendants to create a list of all the documents they deem relevant to this lawsuit and intend to use. Defendants object that even if this is a proper request for documents, the request is vague and overly broad, inasmuch as any document could in some way relate to plaintiff, defendants, inmates, prison policies, etc. Defendants contend that plaintiff's request implicates counsel's legal judgment in weighing the relevance of existing documents within defendants' possession or control, and effectively requests counsel to act as plaintiff's "litigation assistant," which is overly burdensome and not required under the law, citing Woodall v. California, 2011 WL 240717, *1 (E.D. Cal. Jan.24, 2011).

To the extent plaintiff asks defendants to prepare a list of categories or documents, such request is inappropriately contained within a request for production of documents, and plaintiff's motion to compel such a list is denied. Defendants have provided copies of the regulations deemed relevant to plaintiff's request, and specifically referred to the regulations by exhibit letter in their discovery response. No further identification is required. Plaintiff's motion to require further response is denied.

> Request for Production No. 7: Any and all formal and informal written complaints (including but not limited to 602 forms) against any defendant, alleging unnecessary/excessive use of force, retaliation and or wrongful confinement that occurred prior to 8/5/08 up to the present (including all written responses, appeals, reports, investigations, and or correspondence regarding those complaints.)
>
> Response to Request for Production No. 7: Defendants object to this request on the basis that it is overly broad and vague as to time, compound, is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, calls for documents in defendants' personnel files that are protected by the official

4

> information privilege, as set forth in California Government Code section 6254, and California Evidence Code sections 2040, 1041, and 1043, calls for documents protected by California Code of Regulations, Title 15, section 3370, "Case Records File and Unit Health Records Material -- Access and Release," and requests documents that may contain confidential and private information about other inmates' medical conditions, custody classifications, and other sensitive information, the disclosure of which would create a hazard to the safety and security of the institution and would violate the inmates' rights to privacy and confidentiality, and that it calls for information which is equally available to plaintiff. Without waiving these objections, defendants respond as follows: as to complaints made by other inmates, defendants have no responsive documents in their possession, custody or control. As to complaints that plaintiff made against defendants, responsive documents are contained in plaintiff's central file which is available for inspection and copying pursuant to institutional policies and procedures. Reports relating to the alleged August 5, 2008 incident are attached as Exhibit D. As to investigative reports, responses, and communications that may be contained in defendants' personnel files that are unrelated to the alleged August 5, 2008 incident, based on the above objections, defendants will respond no further.

(ECF No. 95-1 at 5-6.)

Plaintiff contends defendants' response is "vague" (ECF No. 87 at 4), but fails to address defendants' objections in any other way. Plaintiff's request is overbroad and was not limited in time. Defendants' objections are sustained, and plaintiff's motion to compel further response is denied.

> Request for Production No. 10: Any and all video records, tapes, discs and or any other recorded visual depictions of the escort resulting in the incident on 8/5/08 at 2035 hours at CSP - Solano Yard one.
>
> Response to Request for Production No. 10: Defendants have no responsive documents in their possession, custody, or control, and no such tapes exist.

(ECF No. 95-1 at 7.)

Plaintiff contends that the "Report of Findings -- Inmate Interview" confirms that a videotape was made of the August 5, 2008 incident, and that regulations require video records to be maintained for five years or longer if warranted. (ECF No. 87 at 6.) However, under the "Review of Evidence section, the box for "incident video" is not marked. (ECF No. 87 at110.) The report form notes that the August 16, 2008 interview was video recorded, and that D. Burris

5

was the camera operator. (ECF No. 87 at 110.) The report does not state that a videotape of the incident was taken. (ECF No. 87 at 109-10.) The report also notes that plaintiff's injuries were videotaped. (ECF No. 87 at 109.) However, plaintiff did not seek a copy of the videotape of his August 16, 2008 interview or his injury. Defendants have adduced evidence demonstrating that a videotape of the August 5, 2008 incident does not exist. The court cannot require defendants to produce a videotape that does not exist. Plaintiff's motion to compel a further response is denied.

> Request for Production No. 12:  Please produce any and all documents that support your contention that:
>
> A.  Plaintiff is liable, through his own fault, carelessness, or negligence for the matters and things set forth in the complaint, and that fault, carelessness, or negligence proximately caused, or contributed to, the happening of the incident, as well as plaintiff's corresponding injuries or damages, if any, as alleged in the complaint;
>
> B.  The acts of omissions of third persons not parties to plaintiff's lawsuit are the legal cause of plaintiff's damages, if any, in whole or in part, and plaintiff may not collect from defendants that percentage of his damage attributable to the acts or omissions of such third persons;
>
> C.  Plaintiff failed to mitigate his damages, if any;
>
> D.  Plaintiff failed to exhaust the administrative remedies available to him before filing suit. . . .
>
> E.  The complaint is barred by the applicable limitations periods. . . .
>
> F.  Defendants are entitled to qualified immunity from plaintiff's claims in this action;
>
> G.  The complaint fails to state a claim for punitive damages;
>
> H.  Plaintiff is barred from recovering from defendants by the equitable doctrines of estoppel, unclean hands, and/or waiver;
>
> I.  Plaintiff has previously litigated the issues raised in the complaint, the complaint and all causes of action are barred by the doctrines of res judicata or collateral estoppel;
>
> The complaint should be barred, under Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).
>
> Response to Request for Production No. 12:  Defendants object to this request on the basis that it is overbroad, compound, irrelevant, moot, and not reasonably calculated to lead to the discovery of admissible evidence, that it potentially requests attorney work-

> product and documents that are protected by the attorney-client privilege, and that it calls for information contained in plaintiff's medical records and central file, which is equally available to plaintiff. Without waiving these objections, defendants respond as follows: responsive documents contained in plaintiff's medical records and central file are available for inspection and copying pursuant to institutional policies and procedures. Additional non-privileged documents within defendants' possession, custody, or control that are responsive to plaintiff's request are attached as Exhibits A, C, and D.

(ECF No. 95-1 at 8-9.)

By request number 12, plaintiff sought any and all documents that supported all of defendants' affirmative defenses pled in their answer. In his motion, plaintiff contends that defendants' response is vague. (ECF No. 87 at 4.) Plaintiff provides no other argument as to why defendants' response is deficient.

Despite their objections, defendants informed plaintiff that the documents produced in response to plaintiff's other requests were also responsive to request number 12. In addition, defendants subsequently produced documents Bate-stamped AG-109-65. Moreover, in their opposition to the motion, defendants provided additional explanations as to which documents related to plaintiff's claims. Plaintiff did not file a reply.

Plaintiff's motion fails to demonstrate why defendants' objections are not justified, or how defendants' subsequent production was inadequate. Thus, no further response is required.

> Request for Production No. 13: The Central File containing complete prison records of the plaintiff.
>
> Response to Request for Production No. 13: Defendants object to this request on the basis that it is overly broad and burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and that it calls for information which is equally available to plaintiff. Without waiving these objections, and assuming plaintiff is requesting copies of his prison file, defendants respond as follows: Responsive documents are contained in plaintiff's prison file which is available for inspection and copying by plaintiff pursuant to institutional policies and procedures.

(ECF No. 95-1 at 9.)

////

7

Plaintiff does not explain his objection to defendants' response to request number 13. Defendants objection is sustained. Plaintiff may inspect and copy his central file by following institutional procedures.

> Request for Production No. 14: The medical files containing complete medical records of the plaintiff.
>
> Response to Request for Production No. 14: Defendants object to this request on the basis that it is overly broad and burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and that it calls for information which is equally available to plaintiff. Without waiving these objections, and assuming plaintiff is requesting copies of his medical file, defendants respond as follows: Responsive documents are contained in plaintiff's medical records, which are available for inspection and copying by plaintiff pursuant to institutional policies and procedures.

(ECF No. 95-1 at 9.)

Plaintiff contends that he has attempted to obtain these medical documents on his own, but that "the administration is either dragging its feet or outright ignoring plaintiff's request." (ECF No. 87 at 5.) Defendants argue that plaintiff failed to demonstrate how defendants' response was deficient. Defendants also state that they contacted the litigation coordinator to ensure that plaintiff had access to his medical file. (ECF No. 95 at 9.)

Defendants objections are sustained. The CDCR inmate locator states that plaintiff was admitted to state custody on June 23, 1992. Thus, it is likely that plaintiff's prison medical file contains myriad medical records unrelated to the incidents at issue here, and therefore plaintiff's request is overbroad. Moreover, plaintiff may inspect and copy his medical file by following institutional procedures. Plaintiff has failed to demonstrate that he complied with such procedures, but was denied access to his medical file. Plaintiff's motion to compel further response is denied.

Supplemental Motion to Compel Discovery

In his supplemental motion, plaintiff seeks further responses to four requests for production of documents: 5, 7, 10, and 11. Defendants filed an opposition, and plaintiff filed a reply.

////

As set forth above, Request No. 5 requested, *inter alia*, all documents relevant to disputed facts alleged with particularity in the pleadings. In his supplemental motion, plaintiff now claims that defendants failed to produce interviews with officers Rosario and Freitas, and inmates K. Chatman, #E-13925 and Kitlebrew, #H-95742, in regard to the February 16, 2009 hearing(s) conducted by defendant McGuire. Plaintiff claims that the CDCR counselors tell plaintiff that these interviews are confidential. Plaintiff argues these interviews are discoverable as they provide evidence plaintiff needs to oppose any motion for summary judgment filed by defendants.

Defendants oppose plaintiff's supplemental motion, stating this is the first time plaintiff has identified such documents, and plaintiff's request is therefore improper.

In his reply, plaintiff provided a copy of a letter from defense counsel stating that based on plaintiff's clarification, "defendants are making follow-up inquiries with the litigation coordinator's office, and will provide supplemental responses if any additional documents are located." (ECF No. 96 at 7.)

Plaintiff is proceeding without counsel, and through his discovery requests, plaintiff clearly sought all documents relevant to the remaining claims. The operative complaint specifically references the appeal interview between plaintiff and defendant McGuire on February 16, 2009. (ECF No. 51 at 6; see also ECF No. 59 at 14-16.) If defendant McGuire interviewed officers Rosario and Freitas, and other inmates in connection with plaintiff's appeal, and such interviews are in written form, plaintiff is entitled to receive copies of such interview documents through discovery. Thus, plaintiff's supplemental motion to compel is granted. Within twenty-one days from the date of this order, defendants shall further respond to request number 5.

In Request No. 7, plaintiff sought all formal and informal written complaints against any defendant alleging unnecessary/excessive use of force, retaliation and or wrongful confinement prior to August 5, 2008, to the present. In his supplemental motion, plaintiff argues that he is entitled to obtain any documents relevant to any defense. However, as set forth above, plaintiff's request is overly broad as to subject matter and was not limited in time. Plaintiff's supplemental motion is denied.

9

Plaintiff's request No. 10 seeks production of any and all video recordings from the August 5, 2008 incident. However, as set forth above, defendants have adduced evidence that no such recordings exist. In his supplemental motion, plaintiff declares that at the April 21, 2009 hearing, Lt. Hurley told plaintiff that Hurley "looked at the video but the camera was pointing in a different direction." (ECF No. 88 at 3.) Plaintiff declares that at the August 16, 2008 videotaped interview, Sgt. Henry told plaintiff that he pulled up the video but "saw nothing." (Id.) Finally, plaintiff declares that he was housed on the CSP-Solano yard for almost five years and saw "hand held video cameras on tripods positioned facing yard one in both observation towers one and six, and that these cameras were in addition to the camera pointing over the center of yard one, "exactly where the force was applied to the plaintiff." (Id.)

Plaintiff argues that despite defendants' claim that "no such video exists," there was a video recording of plaintiff's injuries on August 16, 2008. Plaintiff contends that this is a case where all the facts are possibly videotaped, and that there should be video footage of the November 3, 2008 retaliation incident that occurred right in front of the yard one camera. (Id.) Plaintiff also contends that defendants "should have understood" that plaintiff also sought a copy of the videotape from August 16, 2008, which showed the injuries plaintiff sustained on August 5, 2008.

Plaintiff's objections notwithstanding, request number 10 specifically asked for videotapes of the August 5, 2008 incident. Defendants are not required to speculate as to what plaintiff intended by his request. Defendants have produced the litigation coordinator's declaration that there is no video from the August 5, 2008 incident. The court cannot order production of a video recording that does not exist. Thus, plaintiff's motion to compel further response to request number 10 is denied.

To the extent plaintiff now seeks an alleged video from the November 3, 2008 incident, such a request is futile because the litigation coordinator found no documentation of an incident occurring on the yard on November 3, 2008, and no recorded video footage. (ECF No. 95-4 at 6.)

It appears plaintiff now seeks a copy of the August 16, 2008 recording of his injuries from the August 5, 2008 incident. Because request number 10 specifically sought video recordings

from the August 5, 2008 incident, defendants were not required to address the existence of the August 16, 2008 recording. As expected, defense counsel did not substantively address the August 16, 2008 video in the opposition, or in the July 26, 2013 letter to plaintiff (ECF No 96 at 8). Also, the litigation coordinator's declaration does not address a video from the August 16, 2008 interview. (ECF No. 95-4.) However, the "Report of Findings -- Inmate Interview" confirms that the interview and plaintiff's injuries were videotaped on August 16, 2008. (ECF No. 87 at 109-110.) Thus, plaintiff is entitled to receive a copy of the August 16, 2008 videotape because it is relevant to plaintiff's claim for damages. Accordingly, plaintiff is granted leave to serve a request for production of the August 16, 2008 videotape. Defendants shall respond to such request within twenty-one days.

> Request No. 11: All written statements, originals or copies, identifiable as reports of the incident on 8/5/08 as to the escort made by prison and or civilian employees of the C.D.C.R. and or prisoner witnesses.
>
> Response to Request for Production No. 11: Defendants object to this request on the grounds that it is unintelligible. Without waiving this objection, and assuming plaintiff requests copies of all witness or participant statements relating to the August 5, 2008 escort/alleged use of force that is the subject of this action, defendants respond as follows: Non-confidential documents within defendants' possession, custody, or control that are responsive to plaintiff's request are attached as Exhibit D.

(ECF No. 95-1 at 7-8.)

In his supplemental motion, plaintiff argues that officers Valdez and Neason were identified as the two tower observation officers on August 5, 2008, but that defendants failed to provide their reports or statements as to what they observed in response to request number 11. (ECF No. 88 at 4.) Defendants respond that the August 5, 2008 incident report package reflects that the only witnesses were officers Durfey, Easterling, Koelling, and Rosario, and that the incident report does not indicate that Tower Officers Valdez or Neason witnessed the August 5, 2008 incident, or that either of these tower officers drafted incident report statements about the August 5, 2008 incident. Defendants further contend that the discovery document plaintiff used to obtain the names of the tower officers was a duty roster sheet that identifies all 29 CDCR employees who worked at CSP-Solano on August 5, 2008, and the duty roster sheet does not

11

1  specifically identify which CDCR employees were present on yard 1 at CSP-Solano.

2  Plaintiff did not address defendants' opposition to request number 11 in plaintiff's reply.

3  The court reviewed the August 5, 2008 incident report package, and there is no reference
4  to tower officers witnessing the incident (ECF No. 94-2 at 69-81.) In plaintiff's use of force
5  interview, plaintiff named Sgt. Durfey and Sgt. Easterlink as correctional staff witnesses. (ECF
6  No. 94-2 at 82.) There is no reference to incident reports being written by Tower Officers Valdez
7  or Neason. (ECF No. 94-2 at 69-81.) The court cannot require defendants to produce documents
8  that do not exist. Therefore, plaintiff's supplemental motion to compel further response to
9  request number 11 is denied.

10 <u>Request to Amend Revised Scheduling Order</u>

11  On August 7, 2013, plaintiff's motion to extend the discovery deadline was partially
12  granted, and the August 16, 2013 discovery deadline was extended to October 16, 2013, for the
13  limited purpose of allowing plaintiff to propound interrogatories to the defendants. (ECF No. 89.)
14  In his current request, plaintiff asks the court to amend the August 7, 2013 order to allow plaintiff
15  to submit requests for admissions to defendants. On or about August 23, 2013, and September 10
16  and 11, 2013, plaintiff propounded requests for admissions to defendants. (ECF No. 98 at 7.)

17  "The district court is given broad discretion in supervising the pretrial phase of litigation."
18  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal
19  quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good
20  cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if
21  it cannot reasonably be met despite the diligence of the party seeking the extension.'" <u>Zivkovic</u>
22  <u>v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting <u>Johnson</u>, 975
23  F.2d at 607).

24  The April 30, 2013 scheduling order set an August 16, 2013 discovery deadline, and
25  provided that all discovery requests, including requests for admissions, "shall be served not later
26  than sixty days prior to that date." (ECF No. 73.) In plaintiff's earlier motion, plaintiff did not
27  state that he had prepared requests for admissions; rather, his request was limited to
28  interrogatories, which plaintiff stated he had drafted, but opted to hold pending receipt of

12

defendants' document production. Thus, requests for admissions were not included in the extension of the discovery deadline. Plaintiff's requests for admissions were due by June 16, 2013, but were not propounded until after the August 16, 2013 discovery deadline expired.

Thus, plaintiff has not demonstrated diligence in connection with the requests for admission. Plaintiff failed to propound the requests by the deadline, and plaintiff did not indicate in his first request to modify the scheduling order that he planned to propound requests for admissions. Plaintiff was permitted additional time to propound interrogatories to the defendants, and to conduct discovery as to potential witnesses Tower Officers Valdez or Neason. Finally, plaintiff was cautioned that the court was not inclined to grant any further extensions of the discovery deadline. (ECF No. 89 at 3.)

To the extent plaintiff is concerned about document authentication, plaintiff is reminded that he may request that the opposing party stipulate to the authenticity of the documents. In the event the opposing party refuses to stipulate to the authenticity of the documents, plaintiff may authenticate the documents by providing the court with a declaration signed under penalty of perjury that provides the details surrounding plaintiff's review of his file, what the review revealed, the date the review occurred, etc.

The undersigned does not find good cause to reopen discovery for the purpose of allowing plaintiff to propound requests for admission. Plaintiff's motion is denied.

Request for Law Library Access

On August 29, 2013, plaintiff filed a request that the court order that plaintiff be allowed access to the prison law library as a priority legal user ("PLU"). (ECF No. 93.) Plaintiff states that he is unable to attend the law library when the prison is on lockdown, and notes that when he previously had PLU status for 30 days, he was only able to attend the library five times. On October 3, 2013, plaintiff filed a letter in which he stated, *inter alia*, that when he verbally requested to review his central file for discovery purposes, he was told that he had his annual review, so would not be permitted to review his central file again.

The undersigned is concerned that defendants cannot rely on plaintiff's ability to obtain documents from his prison central file if plaintiff is not allowed reasonable access to his central

13

file. However, plaintiff must follow prison procedures when seeking review of his central file. It is likely that plaintiff must submit a written request rather than verbally requesting the review and then accepting the correctional officer's verbal denial. Submitting a written request also provides plaintiff with documentation he can submit to the court if he is subsequently denied access to his central file. Since the filing of plaintiff's request for PLU status, plaintiff has filed a reply to defendants' opposition to the motion to compel, as well as two additional documents. Thus, it does not appear that plaintiff's access to the court has been impaired. In addition, it appears plaintiff's job status has changed. Thus, it is unclear whether the prison is still on lockdown, or whether plaintiff's access to the law library has now changed. Plaintiff's October 3, 2013 letter did not address plaintiff's access to the law library. Accordingly, plaintiff's request is denied without prejudice.

As set forth in this court's August 7, 2013 order, the discovery deadline was extended to October 16, 2013, for the limited purpose of allowing plaintiff to propound interrogatories to defendants, and to conduct follow-up discovery as to potential witnesses Valdez and Neason. The pretrial motions deadline is January 8, 2014. These deadlines should ensure plaintiff receives reasonable law library access.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to maintain institution video recordings (ECF No. 86) is denied.

2. Plaintiff's motion to compel discovery (ECF No. 87) is denied.

3. Plaintiff's supplemental motion to compel discovery (ECF No. 88) is partially granted:

   a. Within twenty-one days from the date of this order, defendants shall further respond to request number 5, in connection with alleged interviews of officers Rosario and Freitas, and inmates K. Chatman, and Kitlebrew, regarding the February 16, 2009 hearing conducted by defendant McGuire.

   b. Plaintiff shall forthwith serve a request for production of the August 16, 2008 videotape of plaintiff's interview and injuries; defendants shall respond within twenty-one days.

   c. In all other respects, plaintiff's supplemental motion to compel discovery is denied.

4. Plaintiff's motion for revised scheduling order (ECF No. 98) is denied.

5. Plaintiff's request (ECF No. 93) is denied without prejudice.

Dated: October 9, 2013

mitc3012.mtc

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE