UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL, | No. 2:09-cv-3012 JAM KJN P |
| Plaintiff, | |
| v. | ORDER and |
| J. HAVILAND, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Introduction

      Plaintiff is a state prisoner, proceeding without counsel.  This civil rights action is proceeding on plaintiff's claims that, while he was housed at California State Prison-Solano ("CSP-SOL"), defendant Rosario used excessive force on plaintiff on August 5, 2008, and that defendants Rosario, Garcia, and McGuire retaliated against plaintiff in early 2009.  On November 12, 2009, plaintiff was transferred from CSP-SOL to the California State Prison in Corcoran ("CSP-COR").  (ECF No. 6.)  On April 15, 2011, plaintiff was transferred from CSP-COR to the California Substance Abuse Treatment Facility and State Prison in Corcoran ("SATF").  (ECF No. 39.)

Motion for Temporary Restraining Order

      Plaintiff's December 4, 2013 motion for temporary restraining order is before the court.  (ECF No. 15.)  In this 75 page filing, plaintiff sets forth a list of alleged constitutional violations

1   from August 5, 2008, while plaintiff was housed at CSP-SOL, to November 22, 2013, while

2   plaintiff was, and remains, housed at SATF.  (ECF No. 116 at 2-15.)  As noted by defendants,

3   many of the alleged violations were allegedly committed in retaliation for plaintiff's prison

4   appeals and lawsuits, all of which occurred at CSP-COR or the SATF.  Plaintiff seeks an order

5   restraining defendants in Mitchell v. Pena, Case No. 1:11-cv-1205 LJO JLT (E.D. Cal., Fresno

6   Div.) from retaliating against plaintiff, and from violating his constitutional rights.  Liberally

7   construed, in his motion plaintiff also seeks a court order directing defendants Rosario, Garcia,

8   and McGuire to contact all the named individuals located at CSP-COR and SATF and inform

9   them of the court's order directing them to abstain from such alleged actions.

10   In their opposition, defendants contend that this court lacks jurisdiction to issue an order

11   restraining the actions of CSP-COR and SATF employees because none of the defendants named

12   herein work at CSP-COR or SATF, and none have the authority to ensure compliance with the

13   court's order at CSP-COR or SATF.

14   On December 23, 2013, plaintiff filed a letter in which he claims that in his request for

15   temporary restraining order he asked that the officers not move plaintiff from Cell D-4-250L.

16   (ECF No. 123.)  However, plaintiff claims that officers at SATF read plaintiff's motion and

17   moved plaintiff on December 1, 2013, to a cell with feces on the walls.  Plaintiff contends that

18   SATF staff continue to harass and retaliate against plaintiff.

19   Upon review of plaintiff's motion and supporting documents, as set forth more fully

20   below, the court finds that plaintiff's motion should be denied.

21   Legal Standard for Injunctive Relief

22   Plaintiff seeks a temporary restraining order.  A temporary restraining order is an

23   extraordinary and temporary "fix" that the court may issue without notice to the adverse party if,

24   in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable

25   injury, loss, or damage will result to the movant before the adverse party can be heard in

26   opposition."  See Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to

27   preserve the status quo pending a fuller hearing.  See generally, Fed. R. Civ. P. 65; see also, L. R.

28   231(a).  It is the practice of this district to construe a motion for temporary restraining order as a

2

motion for preliminary injunction.  Local Rule 231(a); see also, e.g., Aiello v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "'[t]emporary restraining orders are governed by the same standard applicable to preliminary injunctions'") (citations omitted).

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting Winter).  The propriety of a request for injunctive relief hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

Alternatively, under the so-called sliding scale approach, as long as the plaintiff demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the public interest, a preliminary injunction may issue so long as serious questions going to the merits of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious questions" version of the sliding scale test for preliminary injunctions remains viable after Winter).

The principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits.  See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010).  As noted above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim.  Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted).  Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.  In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

////

1  harm the court finds requires preliminary relief, and be the least intrusive means necessary to
2  correct the harm." 18 U.S.C. § 3626(a)(2).
3       In addition, as a general rule this court is unable to issue an order against individuals who
4  are not parties to a suit pending before it. <u>Zenith Radio Corp. v. Hazeltine Research, Inc.</u>, 395
5  U.S. 100 (1969).
6  <u>Analysis</u>
7       In the instant motion, plaintiff challenges actions that took place at CSP-COR and SATF,
8  both of which are in the Fresno Division of the Eastern District of California, against individuals
9  employed at CSP-COR and SATF, who are not named as defendants herein.  However, in the
10 operative complaint herein, plaintiff challenges concrete actions taken in 2008 and 2009 at CSP-
11 SOL by defendants Rosario, Garcia, and McGuire.  The facts underlying plaintiff's claims for
12 injunctive relief are unrelated to plaintiff's claims in this action, and occurred long after the
13 incidents at issue herein.  This court lacks jurisdiction to address claims not contained within the
14 operative complaint because the claims will not be given a hearing on the merits at trial.
15      Moreover, plaintiff's claims supporting his motion for injunctive relief are based on
16 unrelated actions taken by correctional staff not named as defendants herein.  "Unrelated claims
17 against different defendants belong in different suits." <u>George v. Smith</u>, 507 F.3d 605, 607 (7th
18 Cir. 2007).  Thus, this court lacks jurisdiction over the individuals located at CSP-COR and
19 SATF named in the motion.  Plaintiff cannot defeat this jurisdictional hurdle by simply reiterating
20 his unrelated claims against defendants Rosario, Garcia, and McGuire, or asking the court to
21 direct defendants Rosario, Garcia, and McGuire to notify prison staff at CSP-COR or SATF.
22      Finally, plaintiff is no longer housed at CSP-SOL, and is therefore no longer subject to
23 actions by defendants Rosario, Garcia, and McGuire.  Thus, motions for injunctive relief against
24 defendants Rosario, Garcia, and McGuire are moot.  <u>Zenith Radio Corp.</u>, 395 U.S. at 100.
25 Plaintiff should not renew motions for injunctive relief in this action because this action proceeds
26 solely as to plaintiff's claims that arose in 2008 and 2009.
27      The court is concerned that plaintiff is engaged in a hunger strike in an effort to get SATF
28 prison officials to address his myriad concerns concerning alleged staff harassment and

retaliation. However, on two prior occasions, plaintiff was advised that this court lacked jurisdiction to hear claims not included in the operative complaint. (ECF Nos. 30, 72.) Indeed, plaintiff is delaying his efforts to obtain relief by attempting to pursue such unrelated claims in this action. In addition, plaintiff is presently pursuing litigation in Mitchell v. Pena, Case No. 1:11-cv-1205 LJO JLT (E.D. Cal., Fresno Div.), as well as in Mitchell v. Norton, Case No. 1:12-cv-0331 GSA (E.D. Cal., Fresno Div.), and may seek injunctive relief against pertinent defendants in those actions. Or, plaintiff may file a new civil rights action in the Fresno Division of the Eastern District of California. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action.

The claims on which plaintiff's motion is predicated are not included in the operative complaint on which this action is proceeding, and do not raise allegations against the defendants remaining in this action. For that reason, the claims will not be given a hearing on the merits at trial. Thus, the court cannot grant plaintiff injunctive relief, and recommends that plaintiff's motion for such relief be denied. In light of this recommendation, plaintiff's motion to dispense with security is denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to dispense with the requirement of security (ECF No. 117) is denied without prejudice;

2. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights action pursuant to 42 U.S.C. § 1983; and

IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No. 116) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  December 26, 2013

mitc3012.tro3

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE