1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN EDWARD MITCHELL,                     No.  2:09-cv-3012 JAM KJN P

12              Plaintiff,

13         v.                                   ORDER

14    J. HAVILAND, et al.,

15              Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel.  This action is proceeding on

18    plaintiff's excessive force claims against defendant Rosario, and plaintiff's retaliation claims

19    against defendants Rosario, Garcia, and McGuire.  Multiple motions are pending, which the court

20    addresses below.

21    Defendants' Motion for Protective Order

22         The Parties' Positions

23          Defendants seek a protective order preventing disclosure of two documents reflecting

24    investigative interviews:  (1) the confidential Supplement to "Appeal Inquiry" re:  Appeal Log

25    No. CSP-S008-03956, dated December 22, 2009; and (2) the Confidential Supplement to "Appeal

26    Inquiry" re:  Appeal Log No. CSP-S-08-03956, dated December 26, 2008.  Defendant argues that

27    the court should apply the official information privilege and find these documents are confidential

28    under California regulations and the California Penal Code, and that disclosure would threaten

                                              1

1    inmate and officer safety.  Defendants contend that designating the documents confidential and

2    subject to a protective order is insufficient because plaintiff is unrepresented, and is serving a

3    prison sentence of 75 years to life, rendering the threat of contempt or sanctions meaningless.

4    Finally, defendants contend that plaintiff can obtain information regarding the incident through

5    interrogatories, requests for admissions, or depositions.

6         In opposition, plaintiff argues that because plaintiff is housed on a sensitive needs yard

7    and no longer housed in the general population, it is unlikely he will see general population

8    inmates again.  If the named inmates made statements adverse to plaintiff, plaintiff suggests the

9    court can direct the prison to add such inmates to plaintiff's enemy list so that they are not placed

10   with plaintiff on the same yard in the future.  Plaintiff notes that inmates Chatman and Killebrew

11   were present during the November 3, 2008 incident and have agreed to give plaintiff statements

12   and to serve as witnesses; therefore, plaintiff argues, their statements cannot be withheld from

13   plaintiff.  Plaintiff contends that Correctional Officer Freitas "blew the whistle" on defendants

14   Rosario and Garcia.  (ECF No. 108 at 2.)  Plaintiff provided a copy of his administrative appeal in

15   CSP-08-03956, through the February 16, 2009 second level decision, and argues that it supports

16   his objection to the protective order.  Plaintiff argues that "[a]t some point all nonparties and

17   parties to this suit know who made statements as to the matter and know what was said."  (ECF

18   No. 108 at 3.)  Plaintiff states he would keep all confidential information protected from people

19   who are not involved in the suit, and would "follow all orders this court passes as to this

20   information and or will [accept] responsibility for failing to adhere to any order(s)."  (ECF No.

21   108 at 3.)[1]

22        In reply, defendants argue that plaintiff concedes he has other avenues to obtain

23   information about the incident from two inmate witnesses to the incident, and thus defendants

24   should not be compelled to produce confidential information.  Defendants argue that because

25   ////

---

26   [1]  Plaintiff also complains that defendants filed confidential information by appending documents
27   from Walker v. Clement, 2:04-cv-1671 GEB KJM P. (ECF No. 108 at 2.)  However, as noted by
     defendants, the documents provided from Walker v. Clement are not confidential and were filed
28   in the public record on the court's electronic filing system, CM/ECF.

1    inmates frequently carry out acts for other inmates and retaliate against inmates who cooperate

2    with investigations, plaintiff's alleged lack of contact with these inmates has no bearing.

3        Discussion

4        During administrative appeal No. CSP-08-03956, prison officials found that staff did not

5    violate policy.  (ECF No. 1 at 41, 44.)  However, on September 9, 2009, at the third level of

6    review, the Chief of the Inmate Appeals Branch found that, after reviewing the inquiry report,

7    "the information developed did not support the findings reached by the institution.  It is noted that

8    the information developed in the inquiry is not consistent with the finding provided to [plaintiff]."

9    (ECF No. 1 at 45.)  The Chief remanded the matter back to the institution to "redo the

10   Confidential Inquiry and to send an Amended SLR to the Inmate Appeals Branch (IAB)

11   reflecting the outcome of that inquiry."  (ECF No. 1 at 46; 38-9 at 5.)  On September 9, 2009, the

12   IAB sent a memorandum to the Appeals Coordinator at CSP-Solano regarding the Director's

13   Level Modification Order, and asked that a modification order be issued.  (ECF No. 38-9 at 2.)  It

14   does not appear that the subsequent modification order, if any, was filed in this action, thus, it is

15   unclear whether, on subsequent review, prison officials found that staff did or did not violate

16   policy.

17       Plaintiff is entitled to information and evidence contained in the investigation into the

18   incident which is the subject of this action.  However, the undersigned recognizes that release of

19   confidential documents to inmates may raise safety and security issues.  Thus, in order to balance

20   these competing interests, defendants are ordered to submit, within thirty days from the date of

21   this order, a copy of the (1) the confidential Supplement to "Appeal Inquiry" re:  Appeal Log No.

22   CSP-S008-03956, dated December 22, 2009; and (2) the Confidential Supplement to "Appeal

23   Inquiry" re:  Appeal Log No. CSP-S-08-03956, dated December 26, 2008, to the Court for in

24   camera review to ascertain whether safety/security issues exist, whether a copy of the documents

25   can safely be redacted for production to plaintiff, or whether plaintiff's other avenues to obtain

26   information concerning the incident will be sufficient.

27   ////

28   ////

3

1    Plaintiff's Request to Supplement or Amend Complaint

2         On November 4, 2013, plaintiff filed a document styled "Notice and Request for Leave to

3    Exhaust Remedies to Submit Supplemental Complaint/Amend Pleadings."  (ECF No. 109.)

4    Plaintiff contends that during discovery he discovered evidence that Lt. Roberts falsified portions

5    of the August 5, 2008 incident report and caused the destruction of the videotape of the August 5,

6    2008 use of force incident.  Plaintiff claims he does not trust the truthfulness of S. Cervantes'

7    declarations.  Plaintiff seeks leave to amend the complaint to add Lt. Roberts as a defendant and

8    raise new allegations.

9         Defendants oppose plaintiff's motion, pointing out that exhibits appended to plaintiff's

10   October 28, 2009 original complaint demonstrate that plaintiff knew or should have known the

11   facts underlying his newly-proposed amendment.  Thus, defendants argue plaintiff's delay is

12   unjustified.  Defendants further contend that plaintiff's proposed amendment is futile, and argue

13   that plaintiff failed to comply with the Federal Rules of Civil Procedure and the Local Rules, and

14   thus plaintiff's motion is not proper under Rule 15(a) of the Federal Rules of Civil Procedure.

15        As noted by defendants, plaintiff's motion is procedurally improper.  Rule 15(a)(1) of the

16   Federal Rules of Civil Procedure provides that:

17           A party may amend its pleading once as a matter of course within:

18           (A)  21 days after serving it, or

19           (B) if the pleading is one to which a responsive pleading is
        required, 21 days after service of a responsive pleading or 21 days
20           after service of a motion under Rule 12(b), (e), or (f), whichever is
        earlier.

21

22   Id.  An amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57

23   (9th Cir. 1967).  Once an amended pleading is filed, the original pleading no longer serves any

24   function in the case.  Id.; see also L.R. 220 (every pleading to which an amendment is permitted

25   as a matter of right shall be retyped and filed so that it is complete in itself without reference to

26   the prior pleading.).  Although the allegations of this pro se complaint are held to "less stringent

27   standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972)

28   ////

4

1    (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the

2    Local Rules of the Eastern District of California.

3        Here, plaintiff was previously granted leave to amend on two separate occasions and is

4    proceeding on his second amended complaint.  Moreover, plaintiff's motion to amend was not

5    accompanied by a proposed third amended complaint.  Plaintiff was previously informed that he

6    is required to proceed with one complaint in which all claims are pled.  (ECF No. 72 at 3.)  As a

7    prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma

8    pauperis statute.  See 28 U.S.C. § 1915A.  Because plaintiff did not submit a proposed third

9    amended complaint, the court is unable to evaluate it.

10        Moreover, plaintiff was not diligent.  While amendment of pleadings is ordinarily liberally

11    granted under Federal Rule of Civil Procedure 15(a), a movant must demonstrate "good cause" to

12    justify amendment under Federal Rule of Civil Procedure 16(b).  Johnson v. Mammoth

13    Recreations, Inc., 975 F.2d 604,  606-07 (9th Cir. 1992).  The "good cause" standard "focuses on

14    the diligence of the party seeking amendment."  Id. at 607 (citing Johnson, 975 F.2d at 609).  The

15    district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence

16    of the party seeking the extension."  Johnson, 975 F.2d at 609 (internal quotation marks omitted).

17    "If the party seeking the modification was not diligent, the inquiry should end and the motion to

18    modify should not be granted."  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.

19    2002) (internal quotation marks omitted).   In addition to a lack of diligence, "prejudice to the

20    party opposing the modification" may supply additional reasons to deny modification.  Johnson,

21    975 F.2d at 609.

22        As argued by defendants, exhibits appended to plaintiff's complaint demonstrate that

23    during the administrative appeals process, plaintiff was informed that the incident was not on

24    videotape (ECF No. 1 at 32), and that Lt. Roberts described the August 5, 2008 incident as

25    "mutual combat requiring the use of force" (ECF No. 1 at 82-84).  In addition, in exhibits

26    submitted December 18, 2009, plaintiff provided copies of his inmate grievance 08-03755, in

27    which he claimed that Officer Lavagnino "made no attempt to secure the yard video of the

28    [August 5, 2008] incident," (ECF No. 8 at 51), and the Rules Violation Report which states that

1    plaintiff "requested a video from the Yard Surveillance System[,] however, a review of the 837A

2    revealed no such video existed" (ECF No. 8 at 62).  Thus, plaintiff has long been aware that

3    prison officials claimed that the videotape of the August 5, 2008 incident did not exist, yet

4    concedes he waited to pursue his proposed new claim against Lr. Roberts until the "court

5    rendered its order." (ECF No. 109 at 2.)  Therefore, the record demonstrates that plaintiff was not

6    diligent.

7        For all of the above reasons, plaintiff's request to amend or supplement his complaint is

8    denied.

9    <u>Motion to Strike</u>

10       On December 2, 2013, plaintiff filed a motion to strike defendants' answer to the second

11    amended complaint.  Plaintiff moves to strike certain of defendants' affirmative defenses based

12    on his claim that defendants failed to preserve or destroyed videotape evidence.  Defendants

13    oppose plaintiff's motion.  Plaintiff did not file a reply.

14       Rule 12(f) of the Federal Rules of Civil Procedure provides:

15
16           (f) Motion to Strike. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

17             (1) on its own; or

18
19             (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

20    Fed. R. Civ. P. 12(f).

21       Here, defendants' answer was filed and served on plaintiff on April 25, 2013.  (ECF Nos.

22    67, 67-1.)  Thus, plaintiff's December 2, 2013 motion was not filed within 21 days from the

23    service of defendants' pleading.  To the extent plaintiff seeks to strike defendants' answer as a

24    sanction for alleged spoliation of evidence, such request is more appropriately addressed in the

25    context of plaintiff's motion for sanctions, which the court addresses next.  Plaintiff's motion to

26    strike is denied.

27    ////

28    ////

1    Motion for Sanctions

2          In his motion for sanctions, plaintiff states that he is proceeding pro se, and was unable to

3    obtain priority legal user status and therefore was unable to find the appropriate order to seek in

4    connection with the missing videotapes.  Indeed, plaintiff included arguments the court could

5    construe as a request for sanctions based on defendants' failure to produce the August 5, 2008

6    videotape in plaintiff's motion to amend and motion to strike.  However, plaintiff failed to include

7    issues concerning the August 5, 2008 videotape in his motion for sanctions.

8          While defendants are correct that plaintiff failed to first file a motion to compel

9    production of the August 16, 2008 videotape, liberally construed, plaintiff's multiple motions

10   addressed herein make clear his efforts to obtain the August 16, 2008 videotape, and to obtain

11   sanctions for defendants' failure to produce the August 16, 2008 videotape.  Accordingly, the

12   court construes plaintiff's motion for sanctions to include a motion to compel production of the

13   August 16, 2008 videotape.

14              Motion to Compel Production of August 16, 2008 Videotape

15         As construed, plaintiff seeks a court order compelling production of an interview tape

16   recorded on August 16, 2008.  The "Report of Findings -- Inmate Interview" confirms that the

17   interview and plaintiff's injuries were videotaped on August 16, 2008.  (ECF No. 87 at 109-10.)

18   Plaintiff seeks sanctions including, but not limited to, default judgment, and an order prohibiting

19   defendants from contesting plaintiff's alleged injuries.

20         Defendants  responded to plaintiff's request for production by stating that "there are no

21   responsive items in defendants' possession, custody, or control that [were] responsive to this

22   request because the video tape in question no longer exists."  (ECF No. 113 at 6.)  Defendants

23   provided plaintiff with a declaration from Litigation Coordinator S. Cervantes at CSP-Solano.  S.

24   Cervantes explained that reference to the August 16, 2008 video was noted in supplemental pages

25   to the August 5, 2008 incident report because plaintiff did not indicate he wanted to file an

26   excessive force complaint until August 16, 2008.  (ECF No. 113 at 8.)  Sergeant Burris

27   videotaped plaintiff, while Sgt. Henry asked the interview questions.  The August 16, 2008 video

28   was not with the August 5, 2008 incident report.  (ECF No. 113 at 8.)  No tape of an interview on

7

1   August 16, 2008, was found, despite contacting four prison officials involved in the incident

2   report, and multiple searches. (ECF No. 113 at 8-9.)

3         Although it appears that a videotape of the August 16, 2008 use of force interview existed

4   at one point, the court cannot further compel defendants to produce a videotape that they contend,

5   under penalty of perjury, does not exist or cannot be located.  Plaintiff and the court must accept

6   defendants' response, absent evidence to the contrary.  In other words, plaintiff's statement that

7   he does not trust or believe S. Cervantes, without more, is insufficient.  For this reason, plaintiff's

8   motion to compel production of the August 16, 2008 videotape must be denied.

9         Motion for Sanctions

10        The record reflects plaintiff's confusion as to the proper standard in addressing the issue

11  of sanctions for alleged spoliation of evidence.  As argued by defendants, Rule 11 sanctions are

12  not applicable to discovery disputes. Fed. R. Civ. P. 11(d).  Because Local Rule 110 is based on

13  Rule 11, sanctions under Local Rule 110 are also inappropriate.

14        District courts may levy sanctions for despoliation of evidence based on two sources:

15  "inherent power of federal courts to levy sanctions in response to abusive litigation practices, and

16  the availability of sanctions under Rule 37 [of the Federal Rules of Civil Procedure] against a

17  party who 'fails to obey an order to provide or permit discovery.'"  Leon v. IDX Systems Corp.,

18  464 F.3d 951, 958 (9th Cir. 2006).  Here, defendants were not ordered to produce either the

19  August 5, 2008 videotape, or the August 16, 2008 videotape; therefore, plaintiff's motion for

20  sanctions is governed by this court's "inherent authority" rather than Rule 37.

21        The imposition of sanctions under the court's inherent authority is discretionary.  Air

22  Separation, Inc. v. Underwriters at Lloyd's of London, 45 F.3d 288, 291 (9th Cir. 1995).  The

23  court has available to it a number of sanctions, and may (1) exclude evidence, (2) admit evidence

24  of the circumstances of the spoliation, (3) instruct the jury that it may infer that the spoiled

25  evidence would have been unfavorable to the responsible party, or even (4) dismiss claims.  See

26  Peschel v. City of Missoula, 664 F.Supp.2d 1137, 1141 (D. Mont. Oct.15, 2009) (citing Glover v.

27  BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993).  The drastic sanction of dismissal, however, is

28  available only when "'a party has engaged deliberately in deceptive practices that undermine the

8

1    integrity of judicial proceedings.'" Leon, 464 F.3d at 958 (quoting Anheuser–Busch, Inc. v.

2    Natural Beverage Distribs., 69 F.3d 337, 348 (9th Cir. 1995)).  In other words, the court must

3    make a finding of willfulness, fault, or bad faith before dismissing claims.  Id.  In determining

4    whether dismissal is appropriate, the court should consider "(1) the public's interest in expeditious

5    resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the

6    party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5)

7    the availability of less drastic sanctions."  Id. (quotations omitted).

8         Appropriate sanctions short of dismissal may include exclusion of the disputed evidence,

9    an adverse inference jury instruction, or monetary sanctions.  Akiona v. United States, 938 F.2d

10   158 (9th Cir. 1991); Leon, 464 F.3d at 961.  Before issuing sanctions, however, the court must

11   find that the offending party had notice that the spoliated evidence was potentially relevant to the

12   litigation.  Leon, 464 F.3d at 959.  "A party does not engage in spoliation when, without notice of

13   the evidence's potential relevance, it destroys the evidence according to its policy or in the normal

14   course of its business."  United States v. $40,955.00 in U.S. Currency, 554 F.3d 752, 758 (9th

15   Cir. 2009).

16        Before imposing an adverse inference instruction, a court must find: (1) that the spoliating

17   party had an obligation to preserve the evidence; (2) that the evidence was spoliated with "a

18   culpable state of mind"; and (3) that the evidence was relevant to the other party's claim, meaning

19   that "a reasonable trier of fact could find that it would support that claim."  In re Napster, Inc.

20   Copyright Litig., 462 F.Supp.2d 1060, 1078 (N.D. Cal. 2006) (citation omitted).  In order to

21   exclude evidence, the court must find "willfulness or fault by the offending party."  Unigard Sec.

22   Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 n.2 (9th Cir. 1992) (citation

23   omitted).  To impose either sanction the court need not find that the spoliating party acted in bad

24   faith.  Id.; Glover, 6 F.3d at 1329.  "However, a party's motive or degree of fault in destroying

25   evidence is relevant to what sanction, if any, is imposed."  In re Napster, Inc., 462 F.Supp.2d

26   1066-67.

27        Here, plaintiff's motion for sanctions as to the August 16, 2008 videotape does not

28   address the appropriate standards, and fails to set forth facts supporting the particular sanction

9

1   plaintiff asks the court to impose.  Moreover, to the extent plaintiff intended to pursue a motion

2   for sanctions as to the August 5, 2008 videotape, defendants are entitled to notice and an

3   opportunity to respond, which precludes the court from construing plaintiff's allegations

4   contained in his motion to amend or motion to strike as his motion for sanctions in this context.

5          Accordingly, plaintiff's motion for sanctions is denied without prejudice to its renewal.  If

6   plaintiff seeks sanctions for spoliation of evidence, based on defendants' failure to produce the

7   August 5, 2008 videotape, the August 16, 2008 videotape, or both, he is granted thirty days to file

8   such motion.  Any such motion shall be briefed pursuant to Local Rule 230(l).  Plaintiff is not

9   required to file such motion, and the court, by this ruling, makes no comment on the merits of any

10  such motion.

11  Settlement Conference

12         Both parties have filed waivers of disqualification of settlement judge.  (ECF Nos. 115 &

13  118.)  Therefore, this action is set for settlement conference before the undersigned on March 25,

14  2013, at 9:00 a.m., in Courtroom #25.  By separate order, the court will issue a writ of habeas

15  corpus ad testificandum for plaintiff's appearance via videoconference.

16  Conclusion

17         Accordingly, IT IS HEREBY ORDERED that:

18         1.  Within thirty days from the date of this order, defendants shall submit a copy of the (1)

19  the confidential Supplement to "Appeal Inquiry" re:  Appeal Log No. CSP-S008-03956, dated

20  December 22, 2009; and (2) the Confidential Supplement to "Appeal Inquiry" re:  Appeal Log

21  No. CSP-S-08-03956, dated December 26, 2008, to the undersigned for in camera review;

22         2.  Plaintiff's request to amend or supplement his complaint (ECF No. 109) is denied;

23         3.  Plaintiff's motion to strike (ECF No. 114) is denied; and

24         4.  Plaintiff's motion for sanctions (ECF No. 113) is denied without prejudice; within

25  thirty days from the date of this order, plaintiff may renew his motion for sanctions, as set forth

26  above; and

27  ////

28  ////

1    5.  This action is set for settlement conference before the undersigned on March 25, 2013,

2    at 9:00 a.m., at the United States District Court, Eastern District of California, 501 I Street,

3    Sacramento, California 95814, in Courtroom  No. 25 (8th Floor).

4    6.  Defendants' lead counsel and a person with full and unlimited authority to negotiate

5    and enter into a binding settlement on defendant's behalf shall attend the settlement conference in

6    person.[2]

7    7.  Those in attendance must be prepared to discuss the claims, defenses and damages.

8    The failure of any counsel, party or authorized person subject to this order to appear in person

9    may result in the imposition of sanctions.  In addition, the conference will not proceed and will be

10   reset to another date.

11   8.  The parties are directed to exchange non-confidential settlement conference statements

12   seven days prior to this settlement conference.  Concurrently, counsel for defendants shall deliver

13   their statement to the Court using the following email address:  kjnorders@caed.uscourts.gov.

14   Plaintiff shall, on or before Friday, March 14, 2014, send his statement to the court by mail, and

15   indicate on the envelope and on the face of the statement that it is a confidential communication

16   ////

17   ////

18   ////

19   ////

20   ////

21

22   [2]  The term "full authority to settle" means that the individuals attending the settlement
conference must be authorized to fully explore settlement options and to agree at that time to any
settlement terms acceptable to the parties.  G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.,

23   871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6
F. 3d 1385, 1396 (9th Cir. 1993).  The individual with full authority to settle must also have

24   "unfettered discretion and authority" to change the settlement position of the party, if appropriate.
Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part,

25   Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003).  The purpose behind requiring
the attendance of a person with full settlement authority is that the parties' view of the case may

26   be altered during the face-to-face conference.  Pitman, 216 F.R.D. at 486.  An authorization to

27   settle for a limited dollar amount or sum certain can be found not to comply with the requirement
of full authority to settle.  Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

28

11

1    to the undersigned.  If a party desires to share additional confidential information with the Court,

2    they may do so pursuant to the provisions of Local Rule 270(d) and (e).[3]

3        IT IS SO ORDERED.

4    Dated:  January 23, 2014

5

6    /mitc3012.mots

                        KENDALL J. NEWMAN
                        UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

---

18    [3] Local Rule 270(d) and (e) provides:

19       (d) Confidentiality of Settlement Conference Statements. Settlement conference
statements shall not be disclosed to the Judge or Magistrate Judge assigned to try the action

20    unless the parties have agreed, and the Judge or Magistrate Judge has approved, that such Judge
or Magistrate Judge will preside at the settlement conference. Settlement conference statements

21    may be e-mailed in .pdf format directly to the courtroom deputy clerk of the Judge or Magistrate
Judge before whom the settlement conference is to be held or may be submitted in paper directly

22    to chambers. If the statement is confidential, it must be clearly captioned to reveal its confidential
character. If a party is submitting a confidential settlement conference statement, the party must

23    file a one page document entitled "Notice of Submission of Confidential Settlement Conference
Statement." That filing, if done electronically, will thereby effect service of this notice on all

24    other parties. If the notice is filed conventionally, the filing party must serve all other parties. The
parties may agree, or not, to serve each other with the settlement statements.

25

26       (e) Return of Settlement Conference Statements. At the completion of the settlement
conference, the Judge or Magistrate Judge before whom the settlement conference is held shall

27    return the statements to the respective parties who submitted them or otherwise dispose of them.
Settlement conference statements shall not be filed or made a part of the Court's records.

28