UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>J. HAVILAND, et al.,<br><br>Defendants. | No. 2:09-cv-3012 JAM KJN P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On December 27, 2013, the magistrate judge filed findings and recommendations herein that were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  Plaintiff filed objections to the findings and recommendations.

In his objections, plaintiff contends that his reply to the defendants' opposition to plaintiff's motion for injunctive relief was timely filed on or about January 7, 2014, yet the magistrate judge did not consider the reply in issuing the recommendations.  (ECF No. 126 at 1-2.)  Plaintiff asks the district court to review the submitted "facts, request, declarations, and exhibits. . . "because while it is true that none of the defendants are named in the complaint . . .

1

the plaintiff [has] a right to be protected being that this court is rendering decisions in regard to [his] welfare/constitutional rights."  (ECF No. 126 at 2.)

Defendants filed their opposition to plaintiff's motion on December 18, 2013.  Pursuant to Local Rule 230(l), plaintiff's reply was due on or before December 26, 2013.  Plaintiff's reply was handed to prison officials for mailing on January 7, 2014.  (ECF No. 125 at 1.)  Thus, plaintiff's reply was not timely-filed.  However, plaintiff claims that he did not receive defendants' opposition until January 2, 2014.  (ECF No. 125 at 1.)  In an abundance of caution, the court will review plaintiff's reply and his objections in determining whether to adopt the recommendations.

In his 41 page reply, plaintiff alleges various acts of retaliation by correctional officers at California Substance Abuse Treatment Facility and State Prison in Corcoran ("SATF"), including removing plaintiff from his single cell and requiring him to double cell with an inmate who also had a lower bunk medical accommodation chrono; allegedly destroying plaintiff's personal property, including religious oils; allegedly falsifying rules violation reports in an effort to get plaintiff to drop grievances against Sgt. Tangen; and not allowing plaintiff to call witnesses at the January 6, 2014 hearing.  (ECF No. 125 at 1-5.)  Plaintiff contends that the relief sought is directly related to the defendants, when a comparison of the facts in the complaint are compared to the facts supporting his request for injunctive relief, specifically:

--Plaintiff suffers from an adjustment disorder and fear of being locked in a cell with another man, especially when he is forced to do so.  Plaintiff claims that defendants refused to believe plaintiff suffered from this disorder in 2008, and that current correctional officers are still disregarding plaintiff's illness and requiring him to double cell.  (ECF No. 125 at 6.)

--Sgt. Tangen's conduct is "definitely connected to defendant Rosario's conduct" because the factual allegations surrounding the October 10, 2013 use of force incident with Tangen is substantially similar to those surrounding the use of force incident with defendant Rosario, such that "the incident could be used as evidence in the instant action.  (ECF No. 125 at 7.)

--There have been incidents with Officer Gutierez that indicate he has "intimate knowledge of some of the facts in the complaint or from plaintiff's central file.  (Id.)

1    --Correctional officers are still issuing rules violation reports against plaintiff in reprisal,
2    but are also setting plaintiff or some other inmate up by requiring them to cell together. (ECF No.
3    125 at 8.)

4    Plaintiff contends he did not receive any type of mental health evaluation before being
5    reintegrated into double cell living. Plaintiff argues that these violations will continue absent
6    court intervention, and plaintiff is scared and cannot sleep. (ECF No. 125 at 9.)

7    All of the exhibits, including declarations by other inmates, provided by plaintiff pertain
8    to incidents that occurred at SATF in 2013 and 2014. (ECF No. 125 at 11-40.)

9    In support of his arguments, plaintiff relies on Devose v. Herrington, 42 F.3d 470 (8th Cir.
10   1994), apparently arguing that because the complained-of conduct is similar, plaintiff has
11   established a connection between the actions of correctional officers at SATF and defendants
12   named herein. (ECF No. 125 at 8.)

13   Plaintiff misunderstands the ruling in Devose. In Devose, the court found that the
14   inmate's motion for injunctive relief had nothing to do with preserving the district court's
15   decision-making power over the merits of Devose's civil rights suit based on the denial of
16   adequate medical treatment, and affirmed the denial of the preliminary injunction. Id. Here, just
17   as in Devose, plaintiff's claims for injunctive relief are unrelated to plaintiff's challenge to
18   concrete actions taken in 2008 and 2009 at CSP-Solano by defendants Rosario, Garcia, and
19   McGuire. See Devose, 42 F.3d at 470 ("Devose's motion is based on new assertions of
20   mistreatment that are entirely different from the claim raised and the relief requested in his
21   inadequate medical treatment lawsuit.") See also ECF No. 124 at 4-5.

22   Plaintiff's claims that correctional officers at SATF are retaliating against him, even if the
23   retaliation is based on plaintiff filing the instant lawsuit, cannot provide the basis for a
24   preliminary injunction in this action because they are new assertions of mistreatment entirely
25   different from the mistreatment alleged in the instant action, and occurred in a different prison by
26   different prison employees. Other than alleging the same general cause of action, such as
27   retaliation or excessive force, there appears to be no temporal or factual connection between
28   plaintiff's claims for injunctive relief and the 2008 and 2009 concrete claims proceeding in this

action, despite any alleged factual "similarity."  Moreover, there is no connection between the defendants remaining in this action and those correctional officers allegedly violating plaintiff's constitutional rights at SATF in 2013 and 2014.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 27, 2013, are adopted in full; and

2. Plaintiff's motion for injunctive relief (ECF No. 116), as supplemented by his reply (ECF No. 125), is denied.

DATED: February 3, 2014

/s/ John A. Mendez_____ \_\_\_
UNITED STATES DISTRICT COURT JUDGE