UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL, | No. 2:09-cv-3012 JAM KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. HAVILAND, et al., | |
| Defendants. | |

    Plaintiff is a state prisoner, proceeding without counsel. This civil rights action is proceeding on plaintiff's claims that, while he was housed at California State Prison-Solano ("CSP-SOL"), defendant Rosario used excessive force on plaintiff on August 5, 2008, and that defendants Rosario, Garcia, and McGuire retaliated against plaintiff in early 2009. On November 12, 2009, plaintiff was transferred from CSP-SOL to the California State Prison in Corcoran ("CSP-COR"). (ECF No. 6.) Since that date, plaintiff has been transferred numerous times, including a transfer to California State Prison, Sacramento, so that plaintiff could attend a settlement conference on March 25, 2014, and testify in another prisoner case, <u>Draper v. Rosario</u>, Case No. 10-cv-0032 KJM EFB P (E.D. Cal.). Court records indicate that plaintiff testified on June 17, 2014 (<u>Id.</u>, ECF No. 226.)

    Plaintiff's June 30, 2014 filing reflects plaintiff was housed at the California Substance Abuse Treatment Facility ("SATF") in Corcoran, where plaintiff is presently housed, but plaintiff

did not file a change of address notice. Local Rule 182(f) requires plaintiff to file a notice of change of address and serve it on counsel for defendants. Id. The Clerk of the Court is directed to change plaintiff's address of record, but plaintiff is cautioned that in the future, he must file a separate notice informing the court and counsel for defendants of any change in plaintiff's address.

On June 13, 2014, defendants filed a motion for summary judgment.

On June 30, 2014, plaintiff filed a request for extension of the deadlines set in the revised scheduling order issued April 7, 2014, due to plaintiff's recent transfers. (ECF No. 152.) On July 2, 2014, plaintiff filed a request for extension of time to file dispositive motions due to his recent transfers which caused him to lose almost sixty days needed to meet the deadlines set in the court's April 7, 2014 order. (ECF No. 154.) On July 3, 2014, defendants filed a statement of non-opposition to plaintiff's request for a reasonable extension of the pretrial motion deadline due to his temporary transfer to another prison so that he could appear at court proceedings, or a reasonable extension of time for plaintiff to file an opposition to defendants' motion for summary judgment. (ECF No. 155 at 2.) Counsel for defendants noted her absence on vacation from July 7 to 21, 2014. (Id.)

On July 14, 2014, plaintiff filed an amended request for extension of time to oppose the motion for summary judgment, and a request for an order to produce plaintiff's legal and personal property. (ECF No. 157.) Plaintiff recounts the history of his transfers and his difficulty in obtaining return of his legal materials. Plaintiff states that a few days after he returned to SATF, most of his legal documents were returned, but found that rough drafts for summary judgment motions were gone, in addition to other papers concerning the instant case, and none of plaintiff's authorized personal property was returned. Plaintiff believes his missing legal materials are being held with his personal property at SATF receiving and release, and thus requests that the court order SATF to produce both. (ECF No. 157 at 3.) Plaintiff states that he received defendants' motion for summary judgment on July 8, 2014, and after further review of his legal materials, discovered that he is missing all set one interrogatory responses from all three defendants, which plaintiff claims will cripple his ability to oppose the defendants' motion.

Good cause appearing, plaintiff's motions for extension of the pretrial motions deadline and for extension of time in which to oppose defendants' motion for summary judgment are granted.

However, as plaintiff was informed on May 6, 2014, this court is without jurisdiction to issue an order to prison officials at SATF because the instant action is proceeding as to defendants employed at California State Prison, Solano. (ECF No. 148 at 2.) But the court will direct counsel for defendants, once she returns from vacation, to work with prison officials at SATF, including the litigation coordinator, to ensure that plaintiff's legal materials are returned. The court requests that the litigation coordinator at SATF work with defendants' counsel to ensure timely return of plaintiff's legal materials. In addition, defendants' counsel is directed to re-serve copies of defendants' responses to the first set of interrogatories so that plaintiff may prepare his opposition to the motion for summary judgment without further delay.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to change plaintiff's address of record as set forth in plaintiff's July 14, 2014 filing (ECF No. 157 at 1).

2. Plaintiff's motions for extension of time to file pretrial motions (ECF Nos. 152, 154) are granted.

3. Plaintiff's motion for extension of time to file an opposition to defendants' motion for summary judgment (ECF No. 157) is granted.

4. Plaintiff is granted sixty days in which to file his pretrial motions and opposition to defendants' motion for summary judgment.

5. Plaintiff's motion for order regarding his legal materials and property (ECF No. 157) is partially granted, as follows:

    a. Upon return from vacation, counsel for defendants shall work with prison officials at SATF, including the litigation coordinator, to ensure plaintiff's legal materials are returned; and

    b. Within ten days from the date of this order, defendants shall re-serve copies of defendants' responses to plaintiff's first set of interrogatories.

6. The Clerk of the Court shall serve a copy of this order on the litigation coordinator at SATF in Corcoran, California.

Dated: July 18, 2014

/mitc3012.ext

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE