1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9               FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11   JOHN EDWARD MITCHELL,                No.  2:09-cv-3012 JAM KJN P

12                 Plaintiff,

13          v.                            ORDER and

14   J. HAVILAND, et al.,                 FINDINGS AND RECOMMENDATIONS

15                 Defendants.

16

17   Introduction

18          Plaintiff is a state prisoner, proceeding without counsel.  This civil rights action is

19   proceeding on plaintiff's claims that, while he was housed at California State Prison-Solano

20   ("CSP-SOL"), defendant Rosario used excessive force on plaintiff on August 5, 2008, and

21   retaliated against plaintiff on November 3, 2008, and that defendants Rosario and McGuire

22   retaliated against plaintiff in early 2009.  (ECF No. 169.)  On November 12, 2009, plaintiff was

23   transferred from CSP-SOL to the California State Prison in Corcoran ("CSP-COR").  (ECF No.

24   6.)  On April 15, 2011, plaintiff was transferred from CSP-COR to the California Substance

25   Abuse Treatment Facility and State Prison in Corcoran ("SATF").  (ECF No. 39.)  On June 11,

26   2015, plaintiff filed a notice of change of address stating he would be transferred back to CSP-

27   COR on June 8, 2015.  (ECF No. 181.)  On July 23, 2015, plaintiff filed a document styled,

28   "Order to Show Cause for Preliminary Injunction and Temporary Restraining Order."  (ECF No.

                                           1

190.)  Upon review of plaintiff's motion and supporting documents, as set forth more fully below, the court finds that plaintiff's motion should be denied.

<u>Motion for Injunctive Relief</u>

Plaintiff's motion for injunctive relief is before the court.  (ECF No. 190.)  In this 33 page filing, plaintiff sets forth a laundry list of alleged constitutional violations from April 2009, while plaintiff was housed at CSP-SOL, to July 15, 2015, while plaintiff was, and remains, housed at CSP-COR.  (ECF No. 190.)  Plaintiff claims that as a result of his filing complaints and appeals concerning the alleged assault by defendant Rosario, plaintiff began to receive all forms of retaliation.  However, plaintiff concedes that while he was housed in the SHU at CSP-COR, he could not directly connect the officers acting in the 'campaign of harassment' to defendant Rosario.  (ECF No. 190 at 6.)  Plaintiff alleges no facts demonstrating a connection between the incidents he alleges occurred at SATF or at CSP-COR, or between these new allegations and the allegations proceeding in the instant action.  In his motion plaintiff seeks a court order enjoining the CDCR Director, Warden Davey, CSP-COR; Lt. T. Gonzalez; Correctional Officer Alvarez; and defendants Rosario and McGuire, from the following:

1.  Withholding or redirecting plaintiff's legal or personal mail;

2.  Not allowing plaintiff to sign off or rescind his request for "SNY" status, keeping him from returning to the general population;

3.  Confining plaintiff to quarters beyond 10 days without express approval of a warden, because it deprives plaintiff of law library access or exercise time;

4.  Threatening plaintiff with 'use of force' if he refuses a cellmate that is not being done for a legitimate purpose;

5.  Retaliating by issuing plaintiff rules violation reports that contain false information or are manufactured;

6.  Refusing to give plaintiff his religious diet unless a medical doctor prescribes a medical diet;

7.  Unlawfully confiscating any and all property;

8.  Housing plaintiff with an incompatible cellmate;

1    9.  Any and all verbal harassment;

2    10.  Defendants Rosario and McGuire be forbidden from contacting the prison where

3  plaintiff is housed and requesting favors that involve harassment, threats of use of force, or the

4  assignment of housing that will put plaintiff at risk;

5    11.  Transferring plaintiff to High Desert State Prison, Salinas Valley State Prison, or

6  SATF.

7  Legal Standard for Injunctive Relief

8    Plaintiff seeks a temporary restraining order.  A temporary restraining order is an

9  extraordinary and temporary "fix" that the court may issue without notice to the adverse party if,

10  in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable

11  injury, loss, or damage will result to the movant before the adverse party can be heard in

12  opposition."  See Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to

13  preserve the status quo pending a fuller hearing.  See generally, Fed. R. Civ. P. 65; see also, L. R.

14  231(a).  It is the practice of this district to construe a motion for temporary restraining order as a

15  motion for preliminary injunction.  Local Rule 231(a); see also, e.g., Aiello v. OneWest Bank,

16  2010 WL 406092, *1 (E.D. Cal. 2010) (providing that "'[t]emporary restraining orders are

17  governed by the same standard applicable to preliminary injunctions'") (citations omitted).

18    The party requesting preliminary injunctive relief must show that "he is likely to succeed

19  on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that

20  the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v.

21  Natural Resources Defense Council, 555 U.S. 7, 20 (2008); Stormans, Inc. v. Selecky, 586 F.3d

22  1109, 1127 (9th Cir. 2009) (quoting Winter).  The propriety of a request for injunctive relief

23  hinges on a significant threat of irreparable injury that must be imminent in nature.  Caribbean

24  Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

25    Alternatively, under the so-called sliding scale approach, as long as the plaintiff

26  demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the

27  public interest, a preliminary injunction may issue so long as serious questions going to the merits

28  of the case are raised and the balance of hardships tips sharply in plaintiff's favor.  Alliance for

3

1  Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the "serious

2  questions" version of the sliding scale test for preliminary injunctions remains viable after

3  Winter).

4      The principal purpose of preliminary injunctive relief is to preserve the court's power to

5  render a meaningful decision after a trial on the merits.  See 11A Charles Alan Wright & Arthur

6  R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010).  As noted above, in addition to

7  demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary

8  injunction, plaintiff must show a "fair chance of success on the merits" of his claim.  Sports

9  Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation

10  omitted).  Implicit in this required showing is that the relief awarded is only temporary and there

11  will be a full hearing on the merits of the claims raised in the injunction when the action is

12  brought to trial.  In cases brought by prisoners involving conditions of confinement, any

13  preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the

14  harm the court finds requires preliminary relief, and be the least intrusive means necessary to

15  correct the harm."  18 U.S.C. § 3626(a)(2).

16      In addition, as a general rule this court is unable to issue an order against individuals who

17  are not parties to a suit pending before it.  Zenith Radio Corp. v. Hazeltine Research, Inc., 395

18  U.S. 100 (1969).

19  Discussion

20      In the instant motion, plaintiff primarily challenges actions that took place at CSP-COR

21  and SATF, both of which are in the Fresno Division of the Eastern District of California, against

22  individuals employed at CSP-COR and SATF, who are not named as defendants herein.

23  However, in the operative complaint herein, plaintiff challenges concrete actions taken in 2008

24  and 2009 at CSP-SOL by defendants Rosario and McGuire.  Therefore, the facts underlying

25  plaintiff's claims for injunctive relief are unrelated to plaintiff's claims in this action, and

26  occurred long after the incidents at issue herein.  Plaintiff's attempts to connect these subsequent

27  actions to defendant Rosario are not based on factual allegations; rather, they are based on

28  ////

1  plaintiff's speculation that such acts are somehow connected to defendant Rosario, despite the

2  large gap in time and no facts to suggest a connection.

3       As plaintiff was previously advised, this court lacks jurisdiction to address claims not

4  contained within the operative complaint because the claims will not be given a hearing on the

5  merits at trial.  (See ECF Nos. 30, 72, 124 at 4.)

6       Moreover, plaintiff's claims supporting his motion for injunctive relief are based on

7  unrelated actions taken by correctional staff not named as defendants herein.  "Unrelated claims

8  against different defendants belong in different suits."  George v. Smith, 507 F.3d 605, 607 (7th

9  Cir. 2007).  Thus, this court lacks jurisdiction over the individuals located at CSP-COR and

10  SATF named in the motion.  Plaintiff cannot defeat this jurisdictional hurdle by claiming that

11  they are somehow related to defendant Rosario, or attempt to link unrelated incidents by

12  suggesting they are part of a "campaign of harassment."  (ECF No. 190 at 6.)  In addition,

13  plaintiff is required to exhaust his administrative remedies as to all claims prior to filing an action

14  in federal court.  Exhaustion in prisoner cases covered by 42 U.S.C. § 1997e(a) is mandatory.

15  Porter v. Nussle, 534 U.S. 516, 524 (2002).

16       Finally, plaintiff is no longer housed at CSP-SOL, and is therefore no longer subject to

17  actions by defendants Rosario and McGuire.  Thus, motions for injunctive relief against

18  defendants Rosario and McGuire are moot.  Zenith Radio Corp., 395 U.S. at 100.  Plaintiff should

19  not renew motions for injunctive relief in this action because this action proceeds solely as to

20  plaintiff's claims that arose in 2008 and 2009.

21       That said, the court is concerned that plaintiff is allegedly not receiving a religious diet

22  and that he believes he is not safe at CSP-COR.  But plaintiff must pursue such claims in an

23  action filed in the Fresno Division of this court, not in the instant action.  Moreover, on prior

24  occasions, plaintiff was advised that this court lacked jurisdiction to hear claims not included in

25  the operative complaint.  (ECF Nos. 30, 72, 119.)  Plaintiff delays his ability to obtain relief by

26  attempting to pursue such unrelated claims in this action.  Provided plaintiff has exhausted his

27  administrative remedies, plaintiff may file a new civil rights action in the Fresno Division of the

28  Eastern District of California.  The Clerk of the Court is directed to send plaintiff the form for

1   filing a civil rights action.

2          The claims on which plaintiff's motion for injunctive relief are predicated are not included

3   in the operative complaint on which this action is proceeding, and do not raise allegations against

4   the remaining defendants.  For that reason, the claims will not be given a hearing on the merits at

5   trial.  Thus, the court cannot grant plaintiff injunctive relief, and recommends that plaintiff's

6   motion for such relief be denied.  Again, plaintiff is admonished that he should not renew motions

7   for injunctive relief in this action because this action proceeds solely as to plaintiff's claims that

8   arose in 2008 and 2009 at CSP-SOL, where plaintiff is no longer housed.

9          Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to send

10  plaintiff the form for filing a civil rights action pursuant to 42 U.S.C. § 1983; and

11         IT IS HEREBY RECOMMENDED that plaintiff's motion for injunctive relief (ECF No.

12  190) be denied.

13         These findings and recommendations are submitted to the United States District Judge

14  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

15  after being served with these findings and recommendations, any party may file written

16  objections with the court and serve a copy on all parties.  Such a document should be captioned

17  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

18  objections shall be filed and served within fourteen days after service of the objections.  The

19  parties are advised that failure to file objections within the specified time may waive the right to

20  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

21  Dated:  August 6, 2015

22

23                                                          _____
                                                            KENDALL J. NEWMAN
24  /mitc3012.tro4                                          UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                        6