UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>   Plaintiff,<br><br>   v.<br><br>J. HAVILAND, et al.,<br><br>   Defendants. | No. 2:09-cv-3012 JAM KJN P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel. This action is proceeding on plaintiff's second amended complaint, filed February 23, 2012. (ECF No. 51). Following summary judgment, this action proceeds on plaintiff's excessive force claim against defendant Rosario, based on an incident on August 5, 2008, and plaintiff's retaliation claims against defendants Rosario and McGuire, based on incidents that occurred on November 3, 2008, and February 16, 2009. (ECF Nos. 169, 171.) All of these incidents took place while plaintiff was housed at the California State Prison in Solano ("CSP-SOL"), and defendants Rosario and McGuire are located at CSP-SOL.

Pending before the court are plaintiff's "motions for an interlocutory order," which the court construes as requests for injunctive relief. (ECF Nos. 193, 194.) For the following reasons, plaintiff's motions should be denied.

////

1

Plaintiff is currently housed at the California State Prison at Corcoran ("CSP-COR"). In the pending motions, plaintiff seeks relief under the "All Writs Act," claiming that he was found guilty of a rules violation for refusing assigned housing/delaying a peace officer. In addition to other punishment, plaintiff was confined to quarters for 60 days, and states he has been confined to quarters since July 2, 2015. However, despite the rules violation and punishment, plaintiff contends that he has not been given the final disposition from the rules violation hearing, and the violation is not in the prison's computer, which he alleges prevents him from appealing the violation. Plaintiff contends that his due process rights were violated during the hearing on the rules violation.

Also, prior to receiving the rules violation, plaintiff states that he received a package or packages (hereafter "packages") from a vendor "Access," worth over $300.00. (ECF No. 194 at 2.) Plaintiff recounts attempts by prison staff at CSP-COR to have plaintiff sign for the packages when he was not authorized to receive the packages. Plaintiff contends prison staff were waiting to confiscate the property once plaintiff signed for it. On July 27, 2015, plaintiff received notices that due to his refusal to accept the packages, they would be returned to the vendor, but also stated that plaintiff received the packages and had 15 days to secure $33.64 for shipping. Plaintiff claims that he attempted to send mail out and appeal the issue, but Correctional Officers Tenorin and Vargas would not sign for or accept receipt of plaintiff's legal mail. (ECF No. 194 at 3-4.) Plaintiff alleges that this is not the first time that these officers have refused plaintiff's legal mail, and complains that the mailbag is left unsupervised in the dayroom. (ECF No. 194 at 4.)

Plaintiff contends he does not have access to the law library. He states he was granted access three times, but alleges that since he began to reach out to Internal Affairs or the office of the Inspector General he is no longer called and was not allowed to mail out complaints from the law library. Plaintiff believes that all of his CDCR 602s sent from his cell have been discarded.

Plaintiff argues that he cannot litigate the instant case if he cannot receive a receipt for legal documents submitted to the building officer and if he cannot appeal the rules violation that has confined plaintiff to his cell without access to the law library. Plaintiff asks the court to order that Warden Davey and Correctional Officers Alford, Tenorin, and Vargas, and any other officer

1  must: accept and sign all of plaintiff's CDCR 22 inmate request forms, mail, and "any other
2  reasonable thing they can lawfully provide"; and stop plaintiff's confinement to quarters.
3  Plaintiff asks the court to order Warden Davey, Correctional Officer J. Sherril, Receiving and
4  Release, and Correctional Officer Rodriguez, 3B yard property officer, to either store the
5  packages they receive in plaintiff's name or give plaintiff the property without threat of disposal
6  or threat. In the alternative, "allow plaintiff to appeal the CDC 128-B or documents that threaten
7  him without loss of property." (ECF No. 194 at 6.)

8      No defendants are located at CSP-COR, where plaintiff is currently housed. Thus, the
9  pending motions seek injunctive relief against individuals who are not named as defendants. This
10 court is unable to issue an order against individuals who are not parties to a suit pending before it.
11 See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969).

12     The undersigned further finds that requiring prison officials at CSP-COR to respond to
13 plaintiff's motions pursuant to the All Writs Act is not warranted. Under the All Writs Act, "all
14 courts established by Act of Congress may issue all writs necessary or appropriate in aid of their
15 respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).
16 It is "not a grant of plenary power to the federal courts." Plum Creek Lumber Co. v. Hutton, 608
17 F.2d 1283, 1289 (9th Cir. 1979). In appropriate circumstances, it may be used against people or
18 entities not parties to the underlying litigation "who are in a position to frustrate . . . the proper
19 administration of justice." United States v. New York Tel. Co., 434 U.S. 159, 174 (1977).

20     Use of the All Writs Act is appropriate in cases where prison officials, not named as
21 defendants, allegedly have taken action that impedes a prisoner's ability to litigate his case. See,
22 e.g., Turner v. Sacramento Cnty. Sheriff, No. 2:09-cv-0017 WBS KJN P, 2010 WL 4237023, at
23 *2 (Oct. 21, 2010), report and recommendation adopted by 2010 WL 5317331 (E.D. Cal. Dec. 20,
24 2010) (stating a writ might issue if plaintiff had shown that restricted access to his legal material
25 unreasonably denied him access to court); Johnson v. Sullivan, No. 1:06-cv-01089 ALA (P), 2008
26 WL 5396614, at *7 (E.D. Cal. Dec.23, 2008) (granting a request for injunctive relief directing
27 CDCR to provide inmate calls with counsel based on showing that prison officials were depriving
28 him of the ability to communicate with counsel).

In the pending motion, plaintiff claims the actions impede his ability to litigate this action, primarily because he is unable to attend law library while he is confined to quarters.  However, his claims are belied by the court record.  Shortly before plaintiff began his confinement on July 2, 2015, plaintiff filed five documents, including a 159-page pretrial statement.  Since he has been confined to quarters, plaintiff has filed a 33-page motion for injunctive relief, the two motions addressed herein, as well as a proposed subpoena duces tecum.  At present, no further filing is required on the part of plaintiff.  Rather, defendants will file their pretrial statement, and thereafter the court will issue the pretrial order.  It is likely that plaintiff will be released from the 60 day confinement to quarters before the pretrial order issues.

Plaintiff's allegations concerning his challenge to the rules violation at CSP-COR raise substantive issues that should be raised in a separate civil rights action filed in the Fresno Division of the Eastern District.[1]  Plaintiff has been informed on numerous occasions that he must pursue unrelated claims in an action filed in the Fresno Division of this court, not in the instant action.  (ECF Nos. 30, 72, 119, 195.)

For the reasons discussed above, the undersigned finds that invocation of the All Writs Act is inappropriate.  Because no defendants are located at CSP-COR, where plaintiff is currently incarcerated, plaintiff's motions for injunctive relief should be denied.

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motions for injunctive relief (ECF Nos. 193 & 194) be denied.

/////

---

[1] It is unclear whether plaintiff can state a cognizable civil rights claim concerning the deprivation of his packages.  The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  Moreover, the California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.  Plaintiff may be required to seek redress in the state system prior to bringing suit in federal court on a claim that the state deprived him of property without due process of the law.

1  These findings and recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6  objections shall be filed and served within fourteen days after service of the objections.  The
7  parties are advised that failure to file objections within the specified time may waive the right to
8  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 18, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/mitc3012.tro5

5