UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN EDWARD MITCHELL,

       Plaintiff,

    v.

J. HAVILAND, et al.,

       Defendants.

No.  2:09-cv-3012 JAM KJN P

ORDER

I.  Introduction

Plaintiff is a state prisoner, proceeding without counsel.  This action is proceeding on plaintiff's excessive force claims against defendant Rosario, and plaintiff's retaliation claims against defendants Rosario and McGuire.  Several motions are pending, which the court addresses below.

II.  Background

This action was filed on October 28, 2009.  Plaintiff filed a second amended complaint on February 23, 2012.  (ECF No. 51.)  Defendants filed an answer on April 25, 2013.  On May 6, 2013, the court issued a discovery and scheduling order; the discovery deadline was set for August 16, 2013, and pretrial motions deadline was set for November 8, 2013.  (ECF No. 73.) On August 7, 2013, the discovery deadline was extended to October 16, 2013, for the limited purpose of allowing plaintiff to propound interrogatories to defendants, and conducting follow-up

1  discovery as to potential witnesses Valdez and Neason, and the pretrial motions deadline

2  extended to January 8, 2014.  (ECF No. 89.)  Plaintiff was cautioned that the court was not

3  inclined to further extend the discovery deadline.  (Id.)  On November 14, 2013, defendants'

4  motion to modify the scheduling order was granted, and the matter was referred for a settlement

5  conference, and the pretrial motions deadline was vacated.  (ECF No. 111.)  On April 8, 2014,

6  following unsuccessful settlement negotiations, the court issued a revised scheduling order setting

7  the pretrial motions deadline for June 13, 2014, and noted that discovery was closed.  (ECF No.

8  141.)   Following resolution of summary judgment motions, a further scheduling order issued,

9  setting the jury trial for November 9, 2015, following a pretrial conference on the papers.  (ECF

10  No. 172.)

11  III.  Request to Reopen Discovery and Modify Scheduling Order

12       On July 7, 2015, plaintiff filed a request to reopen discovery and modify the pretrial

13  scheduling order.  Defendants oppose the request.  For the reasons set forth below, the court

14  denies plaintiff's request.

15       Plaintiff seeks to obtain discovery concerning three separate matters.  First, plaintiff seeks

16  to obtain documents from defendant Rosario's personnel file, stating that although he sought this

17  information through discovery, defendants "may have claimed 'privilege, privacy and/or

18  relevancy.'"  (ECF No. 187 at 1.)  Plaintiff claims he cannot be sure what their response was

19  because numerous documents were not returned to him after he returned from testifying in Draper

20  v. Rosario, Case No. 2:10-cv-0032 KJM EFB (E.D. Cal.).[1]  Second, plaintiff seeks documents

21  demonstrating who, where and when the August 16, 2008 videotape was removed and viewed.

22  (ECF No. 187 at 3.)  Plaintiff complains that defendants failed to turn such documents over in

23  response to his discovery requests.  Finally, plaintiff states that discovery should be reopened as

24  to statements by Kevin Fisher.  Plaintiff claims that he should receive all 602 or staff complaints

25  that Fisher filed concerning defendant Rosario.  (ECF No. 187 at 6.)

26  ////

27  _____

28  [1]  Court records reflect that plaintiff testified in the Draper trial on June 17, 2014.  (Id., ECF No. 226).

2

1      Defendants contend that plaintiff fails to show he diligently pursued such discovery

2  despite the fact that plaintiff concedes that defendant Rosario's personnel file and the videotape

3  "evidence log" were the subject of discovery or discovery-related motions.  (ECF No. 192 at 2,

4  citing ECF No. 187 at 4-5.)  Defendants note that plaintiff offered no explanation for his delay in

5  raising these issues.  As to Mr. Fisher, defendants argue that plaintiff failed to explain the

6  relevance of such documents or why plaintiff failed to seek them during discovery.  In addition,

7  defendants point out that plaintiff provided a recent declaration by Mr. Fisher, yet plaintiff failed

8  to explain why plaintiff could not obtain the documents directly from Mr. Fisher.

9      "The district court is given broad discretion in supervising the pretrial phase of litigation."

10  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal

11  quotation marks omitted).  Rule 16(b) provides that "[a] schedule may be modified only for good

12  cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "The schedule may be modified

13  'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"

14  Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting

15  Johnson, 975 F.2d at 607).

16      Here, plaintiff was previously granted an extension of the discovery period and warned

17  that the court is not inclined to extend such deadline further.  The record reflects that plaintiff

18  sought discovery from defendant Rosario's personnel file as well as discovery concerning the

19  missing August 16, 2008 videotape, yet failed to seek further orders, such as a motion to compel

20  production of documents, during the discovery period, or seek reconsideration of rulings on

21  discovery disputes shortly after the orders issued.  It does not appear that plaintiff sought

22  discovery as to Kevin Fisher, and plaintiff failed to demonstrate how such discovery is relevant.[2]

23

24      [2]  Kevin Fisher filed one civil rights complaint in this district against Rosario.  Fisher v. Cappel,
   Case No. 2:13-cv-0642 AC (E.D. Cal.).  Plaintiff alleged that he was placed on a yard where he

25  was unsafe and suffered significant injuries at the hands of other inmates as a result.  (Id., ECF
   No. 9 at 3.)  However, because plaintiff made no allegation that Rosario was involved in placing

26  Fisher on the yard, Fisher's claim against Rosario was dismissed for failure to link any action by
   Rosario to the alleged constitutional deprivation.  (Id., ECF No. 9 at 5.)  The action was dismissed

27  on July 2, 2015.  (Id., ECF No. 30)  Because such allegations differ from plaintiff's claim
   concerning the use of force, Fisher's allegations in Case No. 2:13-cv-0642 AC are not relevant.

28

1   Plaintiff also failed to explain why he did not seek discovery concerning Mr. Fisher during the

2   discovery period.  Moreover, plaintiff failed to explain why he did not seek further court

3   assistance concerning the discovery he now seeks before the discovery deadline expired on

4   October 16, 2013, or before either pretrial motions deadline expired on January 8, 2014, or June

5   13, 2014.  Such delay demonstrates that plaintiff was not diligent in seeking the discovery he now

6   requests.

7   　　　　Plaintiff argues that in the alternative, the court could issue for production at trial a

8   subpoena duces tecum for defendant Rosario's personnel file or the documents demonstrating the

9   existence of the August 16, 2008 videotape.  Plaintiff seeks documents from defendant Rosario's

10  personnel file concerning prior incidents where the use of excessive force was alleged.  In support

11  of his request, plaintiff contends that the court could simply order the clerk of court to send

12  plaintiff the personnel records disclosed in <u>Draper v. Rosario</u>, 2013 WL 6198945 (E.D. Cal. Nov.

13  27, 2013) (District Court 2:10-cv-0032 KJM EFB).  However, the November 27, 2013 order did

14  not order disclosure of such records; rather, the order simply directed that Rosario's personnel file

15  be submitted to the court for an *in camera* review.  <u>Id.</u>  Following such *in camera* review, the

16  district court declined to order production of any of the materials produced *in camera*.  <u>Draper v.</u>

17  <u>Rosario</u>, 2:10-cv-0032 KJM EFB (E.D. Cal. Jan. 10, 2014) (ECF No. 116).  The district court

18  explained that defendant Rosario's file contained grievances based on Rosario's use of force filed

19  by inmates Ronald Walton,[3] Mario Thompson,[4] and plaintiff, but the district court noted that none

20  of the complaints were upheld, and found that the three documents worth noting were not

21  relevant.  (<u>Id.</u>, ECF No. 116 at 1-2.)  The district court also compared the grievances against the

22  civil rights complaints filed in the Eastern District by inmates Michael Haynes and Sean

23  　

24  [3]  In <u>Walton v. Frey</u>, Case No. 2:10-cv-2608 JAM EFB (E.D. Cal.), defendant Rosario was
    granted summary judgment on Walton's claim that Rosario used excessive force on February 28,
25  2010, finding that Walton failed to adduce evidence that a reasonable jury could conclude that
    Rosario's conduct violated plaintiff's Eighth Amendment rights.  (<u>Id.</u>, ECF Nos. 31 at 7-9; 33.)

26  [4]  Defendants provided copies of the April 10, 2014 findings and recommendations and the June
27  25, 2014 order issued in <u>Thompson v. Rosario</u>, Case No. 2:12-cv-0776 KJM DAD, in which the
    district court adopted the recommendations and granted Rosario summary judgment on
28  Thompson's claim that Rosario used excessive force on November 29, 2009.  (ECF No. 191-2.)

1   Williams,[5] and found "nothing in the files that illuminates the incidents described in those

2   complaints." (Id., ECF No. 116 at 2.)  Moreover, following a jury trial, the jury found that

3   defendant Rosario did not violate Draper's Eighth Amendment rights by using excessive force on

4   September 9, 2009.  (Id. at ECF No. 235.)  For all of these reasons, the undersigned cannot find

5   good cause to reopen discovery to revisit defendant Rosario's personnel file at this late stage of

6   the proceeding and in light of plaintiff's failure to diligently seek the discovery.

7           Regarding the missing videotape, plaintiff claims there are records as to its existence,

8   which he argues he has a right to in their physical form.  (ECF No. 187 at 4.)  However, the

9   declaration by litigation coordinator Cervantes confirmed that Sgt. Burris videotaped plaintiff

10  while Sgt. Henry asked plaintiff interview questions during an inmate use of force interview on

11  August 16, 2008.  (ECF No. 113 at 8.)  This court also confirmed that the August 16, 2008

12  videotape, although now missing, did exist.  (ECF Nos. 127 at 7; 141 at 7.)  Thus, it is no longer

13  disputed that the August 16, 2008 videotape did exist; it merely cannot be located.  Accordingly,

14  no further discovery is required to document the existence of the August 16, 2008 videotape

15  because such evidence would be redundant.  Moreover, plaintiff is cautioned that the point at trial

16  will not be whether or not the videotape existed or someone lost it – although the court may give

17  plaintiff some latitude to seek to impeach witnesses as to why the videotape was not preserved.

18  At trial, plaintiff must adduce evidence as to what happened during the use of force as well as

19  what injuries he sustained.  As the court previously informed him,

20              plaintiff may introduce the testimony of Sergeants Henry and
                Burris, who observed plaintiff during the August 16, 2008
21              interview (ECF No. 113 at 2); the written report of the sergeants'
                observations during the August 16, 2008 interview; the medical
22              records documenting plaintiff's injuries; and the testimony of
                witnesses or those involved in the August 5, 2008 use of force
23              incident. Also, through discovery responses, defendants provided
                plaintiff with evidentiary support of his injuries. (ECF No. 119 at
24              6.)

25  (ECF No. 141 at 8.)  Accordingly, plaintiff's motion to reopen discovery to obtain further

26

27  ─────────────────────
    [5]  Sean Williams' case, Williams v. Haviland, 2:10-cv-0377 WBS CMK (E.D. Cal.), was
    dismissed for failure to exhaust administrative remedies on January 31, 2011.  Michael Haynes'
28  case, Haynes v. Rosario, 2:12-cv-3018 KJN (E.D. Cal.), is presently pending.

1    evidence concerning the existence of the August 16, 2008 videotape is denied.

2          For all of the above reasons, the undersigned does not find good cause to reopen discovery

3    or modify the current scheduling order.  Plaintiff's motion is denied.

4    IV.  Subpoena Duces Tecum

5          On August 10, 2015, plaintiff submitted a subpoena duces tecum directed to litigation

6    coordinator S. Cervantes, directing Cervantes to appear at jury trial on November 9, 2015, and

7    produce the following materials:

8                 CSP-Solano ISU Archives for the year 2008, specifically evidence
                  locker log book records for incident report SOL-SF-08-08-0241
9                 (Aug 16 Videotape interview).  All documents referred to on
                  11/07/13 in the declaration, archives, Logbook of Evidence, only
10                entries that pertain to this case and or SOL-SF-08-08-241.

11   (ECF No. 196.)

12         The court will authorize service of the subpoenas by the United States Marshal only upon

13   a showing of good cause, as discussed below.

14         Pursuant to Federal Rule of Civil Procedure 45(a)(2), a subpoena duces tecum may direct

15   a non-party to an action to produce documents or other tangible objects for inspection.  A

16   subpoena must be personally served or it is null and void.  Fed. R. Civ. P. 45(c); Gillam v. A.

17   Shyman, Inc., 22 F.R.D. 475 (D. Alaska 1958).  Because plaintiff is proceeding in forma

18   pauperis, he is entitled to obtain personal service of an authorized subpoena duces tecum by the

19   United States Marshal.  28 U.S.C. § 1915(d).  However, this court must consider the following

20   limitations before directing the United States Marshal to personally serve a prisoner's proposed

21   subpoena duces tecum.

22         A subpoena duces tecum is subject to the relevance standards set forth in Federal Rule of

23   Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that

24   is relevant to any party's claim or defense"), and the considerations of burden and expense set

25   forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1).  The "Federal Rules of Civil

26   Procedure were not intended to burden a non-party with a duty to suffer excessive or unusual

27   expenses in order to comply with a subpoena duces tecum."  Badman v. Stark, 139 F.R.D. 601,

28   605 (M.D. Pa. 1991) (requiring indigent plaintiff to demonstrate that he had "made provision for

1   the costs of such discovery") (citing Cantaline v. Raymark Industries, Inc., 103 F.R.D. 447, 450

2   (S.D. Fla. 1984)); see also United States v. Columbia Broadcasting System, Inc., 666 F.2d 364

3   (9th Cir. 1982) (court may award costs of compliance with subpoena to non-party).  Non-parties

4   are "entitled to have the benefit of this Court's vigilance" in considering these factors.  Badman,

5   139 F.R.D. at 605.  In addition, a motion authorizing service of a subpoena duces tecum must be

6   supported by:  (1) clear identification of the documents sought and from whom, and (2) a showing

7   that the records are obtainable only through the identified third party.  See, e.g., Davis v. Ramen,

8   2010 WL 1948560, *1 (E.D. Cal. 2010); Williams v. Adams, 2010 WL 148703, *1 (E.D. Cal.

9   2010).

10          Plaintiff seeks all documents referred to in Cervantes' 2013 declaration.  The sole focus of

11   Cervantes' declaration is the August 16, 2008 videotape.  Cervantes explains that the use of force

12   interview was videotaped on August 16, 2008, and then recounts the myriad efforts undertaken in

13   an unsuccessful effort to locate the videotape.  While the documents plaintiff seeks may be

14   tangentially relevant in that the documents might provide evidence of who reviewed the August

15   16, 2008 videotape, or provide additional evidence to demonstrate that the tape existed, it is not

16   disputed that the videotape once existed but cannot now be located.  Also, there are already-

17   identified witnesses who can be called to testify as to the contents of the videotape, such as

18   plaintiff and Sergeants Henry and Burris.  The documents plaintiff seeks will not identify the

19   contents of the videotape.  Moreover, the August 5, 2008 incident report, as supplemented by the

20   August 16, 2008 pages, is in the parties' possession and will likely be admitted at trial.  S.

21   Cervantes, a nonparty, should not be burdened with producing documents that are redundant or

22   cumulative of evidence already in the possession of the parties.  Thus, plaintiff's request to issue

23   a subpoena duces tecum for S. Cervantes, litigation coordinator, is denied without prejudice,

24   should plaintiff be able to demonstrate the relevance of the documents sought.

25          Plaintiff may choose to subpoena Cervantes as a witness at trial.  However, in addition to

26   providing a completed subpoena for service by the Marshal upon Cervantes, plaintiff must tender

27   an appropriate sum of money to the witness through the United States Marshal.  Because

28   Cervantes is not incarcerated, the appropriate sum of money is the daily witness fee of $40.00

7

1 plus the witness' travel expenses. 28 U.S.C. § 1821 (emphasis added).  As plaintiff was informed

2 in the court's scheduling order, because no statute authorizes the use of public funds for these

3 expenses in civil cases, the tendering of witness fees and travel expenses is required even if

4 plaintiff is proceeding in forma pauperis.  Thus, a subpoena will not be served by the United

5 States Marshal upon an unincarcerated witness unless the subpoena is accompanied by a money

6 order made payable to the witness for the full amount of the witness' travel expenses plus the

7 daily witness fee of $40.00.

8 V.  Motion for Examination or Expert Witness

9   On July 7, 2015, plaintiff filed a motion for physical and mental examination or the

10 appointment of an impartial expert witness, citing Rule 35 of the Federal Rules of Civil

11 Procedure.  (ECF No. 186.)  Plaintiff lists the injuries that he alleges were caused by the actions

12 of defendants, and argues that because such injuries are "in controversy," the court may order an

13 impartial examination of plaintiff.  (ECF No. 186 at 2.)

14   Defendants counter that plaintiff's motion is improper because he seeks his own

15 examination, presumably to avoid having to pay for the exam himself.  Defendants note that

16 although plaintiff requests the appointment of an impartial expert witness, he failed to identify

17 what type of expert he seeks, but argue that plaintiff is not entitled to the appointment of an expert

18 witness in any event.

19   Rule 35(a)(1) provides that the court

20     may order a party whose mental or physical condition -- including
      blood group -- is in controversy to submit to a physical or mental

21     examination by a suitably licensed or certified examiner.  The court
      has the same authority to order a party to produce for examination a

22     person who is in its custody or under its legal control.

23 Fed. R. Civ. P. 35(a)(1).  An order for the physical examination "may be made only on motion for

24 good cause and on notice to all parties and the person to be examined; and must specify the time,

25 place, manner, conditions, and scope of the examination, as well as the person or persons who

26 will perform it."  Fed. R. Civ. P. 35(1)(2)(A) and (B).  The rule allows an opposing party who

27 complies with the rule to obtain an order requiring a plaintiff to submit to a medical examination.

28 It does not allow a party who has placed his or her mental or physical condition at issue to obtain

1    an expert examination or report.

2            Rule 35 does not authorize plaintiff to seek his own free examination to obtain evidence to

3    prosecute his case.  Smith v. Carroll, 602 F.Supp.2d 521, 526 (D. Del. 2009).  Instead, in limited

4    circumstances, Rule 35 "allows the court to order a party to submit to a physical examination *at*

5    *the request of an opposing party*."  Smith, 602 F.Supp.2d at 526 (emphasis added); see also

6    Brown v. United States, 74 F. App'x 611, 614 (7th Cir. 2003) (holding that Rule 35 does not

7    permit the court to appoint an expert to examine an indigent party who seeks an examination of

8    himself).  Therefore, plaintiff's request for an examination under Rule 35 is denied.

9            With regard to the request for an impartial expert witness, plaintiff's request is wholly

10   unsupported by facts or legal authority.  It appears, however, that plaintiff seeks an expert in

11   connection with his claim under the Eighth Amendment.

12           "The district court has the discretion to appoint an expert pursuant to Rule 706(a) of the

13   Federal Rules of Evidence.  "The court may on its own motion or on the motion of any party

14   enter an order to show cause why expert witnesses should not be appointed. . . ."  Lopez v.

15   Scribner, 2007 WL 1215420 (E.D. Cal. Apr. 24, 2007) (citing Fed. R. Evid. 706(a); Walker v.

16   American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999)).  "The

17   plain language of section 1915 does not provide for the appointment of expert witnesses to aid an

18   indigent litigant."  Hannah v. United States, 523 F.3d 597, 601 (5th Cir. 2008) (quoting Pedraza

19   v. Jones, 71 F.3d 194, 196 (5th Cir.1995)).  Pursuant to Rule 706, however, the court has

20   discretion to apportion costs in the manner directed by the court, including the apportionment of

21   costs to one side.  Fed. R. Evid. 706(b).  In situations such as this, where a plaintiff proceeds in

22   forma pauperis and is presumably unable to pay for an expert, and the government would bear the

23   cost of appointing the expert, the court should exercise caution.[6]

24   _____

25   [6]  "The expenditure of public funds on behalf of an indigent litigant is proper only when
     authorized by Congress."  Tedder v. Odel, 890 F .2d 210 (9th Cir. 1989).  Numerous court have
26   recognized that the in forma pauperis statute, 28 U.S.C. § 1915, does not authorize the
     expenditure of public funds for witnesses.  See, e.g., Gorton v. Todd, 793 F.Supp.2d 1171, 1181
27   n.11 (E.D. Cal. 2011) (discussing multiple cases).  As the Seventh Circuit pointed out in Brown,
     "no civil litigant, even an indigent one, has a legal right" to "compel the government to bear the
28   cost and responsibility for hiring an expert witness to testify on his behalf in order to establish a

1   "If scientific, technical, or other specialized knowledge will assist the trier of fact to

2   understand the evidence or to determine a fact in issue, a witness qualified as an expert by

3   knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion

4   or otherwise."  Fed. R. Evid. 702.  The decision whether or not to admit expert testimony does not

5   rest upon the existence or strength of the expert's opinion but rather whether the expert testimony

6   will assist the trier of fact in drawing its own conclusion as to a fact in issue.  Lopez, 2007 WL

7   1215420 *1 (citing United States v. Rahm, 993 F.2d 1405, 1412 (9th Cir. 1993).).

8          Here, plaintiff asserts a claim for excessive force in violation of the Eighth Amendment.

9   To prevail on a claim for excessive force, the plaintiff must establish that force was used

10  "maliciously and sadistically for the purpose of causing harm," rather than "in a good-faith effort

11  to maintain or restore discipline."  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  Plaintiff does not

12  need to establish that his injury was "significant, serious, or more than minor."  Gomez v.

13  Chandler, 163 F.3d 921, 924 (5th Cir. 1999).

14         An expert will not assist the trier of fact in understanding if the alleged use of force was

15  malicious and sadistic for the purpose of causing harm.  This element "does not depend on

16  technical determinations, but instead hinges on the intent of the prison administrators," and no

17  "scientific, technical, or other special knowledge" is required to help the trier of fact; thus, an

18  expert is not necessary for plaintiff to present his case to a jury.  See Salcido v. Zarek, 237 F.

19  App'x 151, 152 (9th Cir. 2007) (district court did not err in denying plaintiff's request for an

20  expert where the case depended on the defendants' intent in providing medical care to plaintiff).

21         An expert is also not necessary to establish that plaintiff was injured.  As plaintiff sought

22  medical care after the incident, plaintiff's medical records will demonstrate any injuries suffered.

23  Appointing an expert to conduct a physical examination to determine the severity or extent of his

24  injuries is unnecessary.  Gomez, 163 F.3d at 924 (prisoner not required to demonstrate the

25  severity of injury).

26  ////

27

28  fundamental element of his case."  74 F. App'x at 614-15.

1    Accordingly, to the extent plaintiff's motion seeks the appointment of an expert to testify

2    on his behalf regarding his Eighth Amendment claim, the request is denied.

3    VI.  Request for Judicial Notice

4    On July 7, 2015, plaintiff filed a document styled, "Request for Judicial Notice of Fact,

5    Rule 201(b)(2)."  (ECF No. 185.)  Plaintiff provides his own declaration and asks the court to

6    take judicial notice of facts concerning, *inter alia*, the injuries he allegedly sustained during the

7    use of force on August 5, 2008, facts concerning the videotaping of such injuries, and facts

8    surrounding the search for the August 16, 2008 videotape.  Rule 201(b) states:  "The court may

9    judicially notice a fact that is not subject to reasonable dispute because it:  (1) is generally known

10   within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined

11   from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  The facts

12   proposed by plaintiff are not facts that are subject to judicial notice under Rule 201(b).  Thus,

13   plaintiff's request for judicial notice is denied.

14   VII.  Defendants' Pretrial Statement

15   Defendants shall file their pretrial statement within fourteen days from the date of this

16   order.

17   IX.  Conclusion

18   Accordingly, IT IS HEREBY ORDERED that:

19   1.  Plaintiff's motion to reopen discovery and modify the scheduling order (ECF No. 187)

20   is denied;

21   2.  Plaintiff's request to issue a subpoena duces tecum (ECF No. 196) is denied;

22   3.  Plaintiff's motion for an examination or expert witness (ECF No. 186) is denied;

23   4.  Plaintiff's request for judicial notice (ECF No. 185) is denied; and

24   5.  Within fourteen days from the date of this order, defendants shall file their pretrial

25   statement.

26   Dated:  August 19, 2015

27

28   /mitc3012.16b3

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE