UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>              Plaintiff,<br><br>     vs.<br><br>D. ROSARIO et al.<br><br>              Defendants. | )<br>)<br>)<br>)<br>)    2:09-cv-03012-RCJ<br>)<br>)<br>)    **ORDER**<br>)<br>)<br>) |

This is a prisoner civil rights case. Trial is set for November 2, 2015 in Sacramento, California. Plaintiff has filed five motions.

**I.     PROCEDURAL HISTORY**

On October 28, 2009, Plaintiff John Edward Mitchell, a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") currently incarcerated at California State Prison ("CSP") Corcoran, sued thirteen Defendants in this Court based on events that occurred while he was incarcerated at CSP Solano. Plaintiff alleged that on August 5, 2008, he refused to be placed into a cell with a new, unfamiliar cell mate, asking to be put into administrative segregation instead. Eventually, guards interpreted his requests as noncompliance and tackled him to the ground before taking him to the infirmary and then to administrative segregation. When Plaintiff indicated he intended to file a complaint for excessive force, he was

threatened with 90 days of administrative segregation.  Defendants carried out their threat when Plaintiff refused to relent and filed his grievance, keeping him in administrative segregation until he was transferred to California Men's Colony on April 28, 2009.  The Complaint listed four nominal constitutional claims and two nominal state law claims.

Plaintiff filed two supplemental complaints and separate motions for leave to file an amended supplemental complaint and an amended complaint.  The magistrate judge instructed Plaintiff to consolidate his claims into a single amended complaint and gave him general guidance as to pleading.  Plaintiff filed the First Amended Complaint ("FAC") on March 4, 2010.  The FAC lists seven nominal claims: (1) excessive force in violation of the Eighth Amendment; (2)–(4), (7) denial of the right to petition the government for redress of grievances and retaliation in violation of the First, Eighth, and Fourteenth Amendments; and (5)–(6) violation of the California State Tort Act ("CSTA").  Defendants moved to dismiss the FAC.  The district judge adopted the magistrate judge's recommendation to dismiss the FAC, with leave to amend in part, denying leave to amend: (1) as against Defendants Durfey, Schwarzenegger, and Cate for failure to exhaust administrative remedies; (2) as to the fifth claim for untimeliness; (3) as to claims for verbal harassment by Defendants Singh, Cappel, McGuire, and Fowler; (4) as to the due process components of claims three and seven against Defendants Singh, Cappel, Bickham, and Scavetta; (5) as to claim seven as against Defendants Bickham and Scavetta; (6) as to the sixth claim for failure to state a claim; (7) and as to the Eighth Amendment component of the fourth claim as against Defendants Haviland and Singh.

On February 23, 2012, Plaintiff filed the Second Amended Complaint ("SAC"), listing three claims: (1) excessive force in violation of the Eighth Amendment (against Defendants Rosario, Easterling, and Durfey); (2) denial of the right to petition the government for redress of

grievances and retaliation in violation of the First Amendment (against Defendants Rosario and Garcia); and (3) a similar claim (against Defendants Haviland, Singh, Cappel, Bickham, and McGuire). Defendants moved to dismiss the SAC. The district judge adopted the magistrate judge's recommendation to dismiss the excessive force claim as against Easterling without prejudice; to dismiss the retaliation claims as against Bickham, Cappel, Singh, and Haviland with prejudice; and to permit the retaliation claims to proceed as against McGuire. The district judge ordered Rosario to answer the excessive force claim and ordered Rosario, Garcia, and McGuire to answer the respective First Amendment retaliation claims against them. Defendants jointly answered. A settlement conference was unsuccessful. Defendants moved for summary judgment. The district judge adopted the magistrate judge's recommendation to grant summary judgment as to the retaliation claim against Garcia but otherwise to deny the motion. The Eighth Amendment excessive force claim against Rosario and the separate First Amendment retaliation claims against Rosario and McGuire remain for trial.

## II.     DISCUSSION

First, Plaintiff asks the Court to order that CSP Corcoran Warden Davey ensure that Plaintiff is transferred to CSP Sacramento for trial with all of his legal materials and personal property. The Court grants the motion in part. The Court will not command CSP to transfer Plaintiff to CSP Sacramento for trial if it does not already intend to do so, nor will it order that Plaintiff be allowed to take any particular personal property with him during a temporary transfer beyond what is normally permitted under CSP regulations, but it will order that wherever Plaintiff is housed during trial, he must be given access to his legal materials for at least one week prior to and during the trial.

Second, Plaintiff asks the Court to appoint counsel to represent him at trial.  The Court denies the motion.  The Hon. Kendall J. Newman has five times previously denied Plaintiff's similar motions.

Third, Plaintiff asks the Court to permit him to remove Kevin Fisher from his witness list.  The Court grants the motion.  Plaintiff has only asked to have Mr. Fisher removed from his own witness list and has not asked the Court to exclude his testimony.  Defendants may still presumably call Mr. Fisher to testify.

Fourth, Plaintiff asks the Court to be permitted to attend trial in civilian clothes unshackled.  The Court grants the motion in part.  Defendant may attend the trial in civilian clothes with leg restraints not visible to the jury.  As requested, Plaintiff's family members may send dress clothes to the U.S. Marshal's Office in advance of trial, and Plaintiff may bring his civilian sweat clothes to trial in case his family is unable to send dress clothing.

Fifth, Plaintiff asks the Court to order the Clerk to issue subpoenas to Corrections Officers G.D. Neason and M.N. Valdez.  The Court grants the motion; however, the attached subpoenas must be corrected to reflect November 2, not November 9.

///

///

///

///

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion for a Court Order to be Transferred to CSP Sacramento (ECF No. 211) is GRANTED IN PART.

IT IS FURTHER ORDERED that the Motion to Appoint Counsel (ECF No. 213) is DENIED.

IT IS FURTHER ORDERED that the Motion to Remove Kevin Fisher from Witness List (ECF No. 214) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Attend Trial in Civilian Clothes Without Handcuffs/Shackles (ECF No. 215) is GRANTED IN PART.

IT IS FURTHER ORDERED that the Motion for Issuance of Subpoenas (ECF No. 216) is GRANTED.  The Clerk shall ISSUE the attached subpoenas (ECF No. 216, at 2, 5) to Plaintiff after correcting the date of appearance to reflect November 2, 2015 and the place of appearance to reflect Courtroom 4.  Plaintiff may then send the subpoenas to the U.S. Marshal for service, along with the required witness fees under 28 U.S.C. § 1821 and Rule 45(b)(1).  The Clerk shall return to Plaintiff any witness fees sent directly to the Clerk's office.

IT IS SO ORDERED.

Dated this 20th day of October, 2015.

_____
ROBERT C. JONES
United States District Judge