**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

|   |   |
|---|---|
| JOHN EDWARD MITCHELL, <br><br> Plaintiff, <br><br> vs. <br><br> D. ROSARIO et al. <br><br> Defendants. | 2:09-cv-03012-RCJ <br><br> **AMENDED ORDER** |

This is a prisoner civil rights case.  Trial is set for November 2, 2015 in Sacramento, California.  Pending before the Court is a Motion in Limine (ECF No. 225).

I.     **FACTS AND PROCEDURAL HISTORY**

On October 28, 2009, Plaintiff John Edward Mitchell, a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") currently incarcerated at California State Prison ("CSP") Corcoran, sued thirteen Defendants in this Court based on events that occurred while he was incarcerated at CSP Solano.  Plaintiff alleged that on August 5, 2008, he refused to be placed into a cell with a new, unfamiliar cell mate, asking to be put into administrative segregation instead.  Eventually, guards interpreted his requests as noncompliance and tackled him to the ground before taking him to the infirmary and then to administrative segregation.  When Plaintiff indicated he intended to file a complaint for excessive force, he was

threatened with 90 days of administrative segregation. Defendants carried out their threat when Plaintiff refused to relent and filed his grievance, keeping him in administrative segregation until he was transferred to California Men's Colony on April 28, 2009. The Complaint listed four nominal constitutional claims and two nominal state law claims.

Plaintiff filed two supplemental complaints and separate motions for leave to file an amended supplemental complaint and an amended complaint. The magistrate judge instructed Plaintiff to consolidate his claims into a single amended complaint and gave him general guidance as to pleading. Plaintiff filed the First Amended Complaint ("FAC") on March 4, 2010. The FAC lists seven nominal claims: (1) excessive force in violation of the Eighth Amendment; (2)–(4), (7) denial of the right to petition the government for redress of grievances and retaliation in violation of the First, Eighth, and Fourteenth Amendments; and (5)–(6) violation of the California State Tort Act ("CSTA"). Defendants moved to dismiss the FAC. The district judge adopted the magistrate judge's recommendation to dismiss the FAC, with leave to amend in part, denying leave to amend: (1) as against Defendants Durfey, Schwarzenegger, and Cate for failure to exhaust administrative remedies; (2) as to the fifth claim for untimeliness; (3) as to claims for verbal harassment by Defendants Singh, Cappel, McGuire, and Fowler; (4) as to the due process components of claims three and seven against Defendants Singh, Cappel, Bickham, and Scavetta; (5) as to claim seven as against Defendants Bickham and Scavetta; (6) as to the sixth claim for failure to state a claim; (7) and as to the Eighth Amendment component of the fourth claim as against Defendants Haviland and Singh.

On February 23, 2012, Plaintiff filed the Second Amended Complaint ("SAC"), listing three claims: (1) excessive force in violation of the Eighth Amendment (against Defendants Rosario, Easterling, and Durfey); (2) denial of the right to petition the government for redress of

grievances and retaliation in violation of the First Amendment (against Defendants Rosario and Garcia); and (3) a similar claim (against Defendants Haviland, Singh, Cappel, Bickham, and McGuire).  Defendants moved to dismiss the SAC.  The district judge adopted the magistrate judge's recommendation to dismiss the excessive force claim as against Easterling without prejudice; to dismiss the retaliation claims as against Bickham, Cappel, Singh, and Haviland with prejudice; and to permit the retaliation claims to proceed as against McGuire.  The district judge ordered Rosario to answer the excessive force claim and ordered Rosario, Garcia, and McGuire to answer the respective First Amendment retaliation claims against them.  Defendants jointly answered.  A settlement conference was unsuccessful.  Defendants moved for summary judgment.  The district judge adopted the magistrate judge's recommendation to grant summary judgment as to the retaliation claim against Garcia but otherwise to deny the motion.  The Eighth Amendment excessive force claim against Rosario and the separate First Amendment retaliation claims against Rosario and McGuire remain for trial.  Defendants have filed a motion in limine.

**II.     LEGAL STANDARDS**

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence.  Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial.  Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard."  Black's Law Dictionary 1171 (10th ed. 2014).  Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials.  *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing

Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).  However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008).  To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).  "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993).  This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are preliminary and therefore "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

///

///

## III. ANALYSIS

First, Defendants ask the Court to preclude Plaintiff from offering opinions about the cause of his back, shoulder, and mental-health conditions. Defendants argue that under the evidence rules, opinions on the causation of injuries may only be rendered by experts. The Court disagrees. Although expert opinions under Rule 702 may only be adduced by qualified experts, lay opinion may be offered by laymen under Rule 701 so long as the opinion based on the witness's own perception, is helpful to understanding the witness's testimony, and is not based on the kinds of specialized knowledge within the scope of Rule 702. *See* Fed. R. Evid. 701. Plaintiff's opinion of the cause of his own injuries is within the scope of his lay opinion. Plaintiff has direct perceptive knowledge of his pain and function both before and after the events at issue. Plaintiff may not testify as to a future prognosis, which would require expert medical opinion, but he may testify as to his direct perceptions of pain, function of his own body parts, his own mental perceptions, and his perceived causes of those ailments.

Second, Defendants ask the Court to preclude Plaintiff from referring to any incidents that are no longer at issue. The Court grants the motion in part. Although Plaintiff may discuss persons who are themselves no longer Defendants so long as the testimony is relevant to claims that remain, he may not introduce testimony or argumentation as to events that are only relevant to claims that have been dismissed.

Third, Defendants ask the Court to preclude evidence that any Defendant is a party to another lawsuit or was party to other alleged incidents of misconduct. The Court denies the motion. Defendants seek to exclude irrelevant evidence and improper character evidence. The Court cannot make broad Rule 401 or Rule 404 rulings as to entire categories of potential evidence. Evidence of other litigation that is not relevant will not be admissible. But the Court

cannot say that there is no context in which such evidence might be relevant, particularly in a First Amendment retaliation case. Also, any "other acts" evidence will be subject to objection at trial under Rule 404(a) and will be subject to exception under Rule 404(b). The Court cannot now make a broad ruling without the context of particularly objected-to testimony.

Fourth, Defendants ask the Court to preclude evidence of the March 25, 2014 settlement conference. The Court denies the motion at this time, because the Court does not have any proffered testimony to examine under the Rule 408 and the exception listed thereunder.

Fifth, Defendants ask the Court to preclude evidence that the State of California may pay any judgment rendered against Defendants as irrelevant and prejudicial. The Court grants the motion in this regard. Even if not explicitly barred by Rule 411, such argumentation or evidence would be both irrelevant and far more prejudicial than probative, unless Defendants were to first argue against damages based on their personal financial conditions.

Sixth, Defendants ask the Court to rule that the fact of Plaintiff's (and other witnesses') felony convictions will be admissible for the purposes of impeachment as to any of them who testify, assuming the convictions or latest date of incarceration therefore is not greater than ten years. The Court grants the motion in this regard. *See* Fed. R. Evid. 609.

Seventh, Defendants ask the Court to rule that Sergeant Durfey's June 20, 2014 testimony in the case of *Draper v. Rosario*, No. 2:10-cv-32, is admissible in this case. The Court denies the motion. Defendants appear to admit that although Plaintiff was a witness in that case he was not a plaintiff, and only Draper's counsel had an opportunity to examine Durfey. Even assuming Plaintiff had a "similar motive" to examine Durfey in the *Draper* case as Draper himself had, Plaintiff as a non-party witness clearly had no "opportunity" to examine Durfey. *See* Fed. R. Evid. 804(b)(1).

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion in Limine (ECF No. 225) is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED.

Dated this 30th day of October, 2015.

_____
ROBERT C. JONES
United States District Judge