UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN EDWARD MITCHELL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>D. ROSARIO et al.<br><br>　　　　Defendants. | 2:09-cv-03012-RCJ<br><br>**ORDER** |

This is a prisoner civil rights case. A jury has returned a verdict for the defense. Pending before the Court are four post-trial motions.

**I.　FACTS AND PROCEDURAL HISTORY**

On October 28, 2009, Plaintiff John Edward Mitchell, a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") currently incarcerated at California State Prison ("CSP") Corcoran, sued thirteen Defendants in this Court based on events that occurred while he was incarcerated at CSP Solano. Plaintiff alleged substantially as follows. On August 5, 2008, Plaintiff refused to be placed into a cell with a new, unfamiliar cell mate, asking to be put into administrative segregation instead. Eventually, guards interpreted his requests as noncompliance and tackled him to the ground before taking him to the infirmary and then to administrative segregation. When Plaintiff indicated he intended to file a complaint for

excessive force, he was threatened with 90 days of administrative segregation.  Defendants carried out their threat when Plaintiff filed his grievance, keeping him in administrative segregation until he was transferred to California Men's Colony on April 28, 2009.

The Complaint listed four nominal constitutional claims and two nominal state law claims.  Plaintiff filed two supplemental complaints and separate motions for leave to file an amended supplemental complaint and an amended complaint.  The magistrate judge instructed Plaintiff to consolidate his claims into a single amended complaint and gave him general guidance as to pleading.  Plaintiff filed the First Amended Complaint ("FAC") on March 4, 2010.  The FAC lists seven nominal claims: (1) excessive force in violation of the Eighth Amendment; (2)–(4), (7) denial of the right to petition the government for redress of grievances and retaliation in violation of the First, Eighth, and Fourteenth Amendments; and (5)–(6) violation of the California State Tort Act ("CSTA").  Defendants moved to dismiss the FAC.  The district judge adopted the magistrate judge's recommendation to dismiss the FAC, with leave to amend in part, denying leave to amend: (1) as against Defendants Durfey, Schwarzenegger, and Cate for failure to exhaust administrative remedies; (2) as to the fifth claim for untimeliness; (3) as to claims for verbal harassment by Defendants Singh, Cappel, McGuire, and Fowler; (4) as to the due process components of claims three and seven against Defendants Singh, Cappel, Bickham, and Scavetta; (5) as to claim seven as against Defendants Bickham and Scavetta; (6) as to the sixth claim for failure to state a claim; (7) and as to the Eighth Amendment component of the fourth claim as against Defendants Haviland and Singh.

On February 23, 2012, Plaintiff filed the Second Amended Complaint ("SAC"), listing three claims: (1) excessive force in violation of the Eighth Amendment (against Defendants Rosario, Easterling, and Durfey); (2) denial of the right to petition the government for redress of

grievances and retaliation in violation of the First Amendment (against Defendants Rosario and Garcia); and (3) a similar claim (against Defendants Haviland, Singh, Cappel, Bickham, and McGuire).  Defendants moved to dismiss the SAC.  The district judge adopted the magistrate judge's recommendation to dismiss the excessive force claim as against Easterling without prejudice; to dismiss the retaliation claims as against Bickham, Cappel, Singh, and Haviland with prejudice; and to permit the retaliation claims to proceed as against McGuire.  The district judge ordered Rosario to answer the excessive force claim and ordered Rosario, Garcia, and McGuire to answer the respective First Amendment retaliation claims against them.  Defendants jointly answered.  A settlement conference was unsuccessful.  Defendants moved for summary judgment.  The district judge adopted the magistrate judge's recommendation to grant summary judgment as to the retaliation claim against Garcia but otherwise to deny the motion.

The Eighth Amendment excessive force claim against Rosario and the separate First Amendment retaliation claims against Rosario and McGuire were tried to a jury.  The jury returned a verdict for Defendants.  Plaintiff has filed four post-trial motions.

**II.    DISCUSSION**

First and second, Plaintiff asks the Court to order a new trial under Rule 59 or for relief from judgment under Rule 60(b) based on surprise at trial.  He argues that although he had requested production of "any and all incident packages," and although Defendants responded that they had disclosed all non-confidential documents in response, pages 1–10 of Exhibit B produced by Defendants (a "use of force critique") was allegedly an altered version of the document.  Plaintiff also argues that the Court did not permit the entire document to be entered into evidence and did not permit Plaintiff to examine or cross-examine Defendants Rosario or Easterling about the document.  As Defendants note in response, the use of force critique was not

even introduced at trial, and Plaintiff did not attempt to call any document custodian to challenge the authenticity of the document Defendants provided him before trial. Plaintiff also objects to Exhibit J, claiming it was not produced during discovery, but Defendants argue that Plaintiff never requested its disclosure, that it was in fact disclosed with Defendants' trial exhibits, and that Plaintiff did not object at trial, in any case. Next, the Court again rejects Plaintiff's argument that the Court's ruling and instruction to the jury that *Heck v. Humphrey* precluded the issue of the propriety of the use of some force, and that only the alleged excessiveness of the force used could be litigated in the present case, was in error. Next, the Court will not revisit previous rulings by the Magistrate Judge that there was no evidence of spoliation of alleged videotape evidence or even any evidence of the existence of any videotape of the incident.

Third Plaintiff asks the Deputy Attorney General to stipulate to make certain evidence part of the record. The request requires no judicial action, and the Court therefore denies it. The Deputy Attorney General may stipulate as Plaintiff requests if she wishes. The Court expresses no opinion at this time as to whether it would grant the relief requested if so stipulated. Fourth, Plaintiff requests appointment of counsel. The Court denies that motion.

## CONCLUSION

IT IS HEREBY ORDERED that the Motions (ECF Nos. 240, 241, 242, 244) are DENIED.

IT IS SO ORDERED.

DATED this 25th day of January, 2016.

_____
ROBERT C. JONES
United States District Judge